[No. A037795. First Dist., Div. One. Apr. 18, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD A. MOTEN, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and parts I and III of the Discussion.

**COUNSEL**

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Gerald A. Engler and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RACANELLI, P. J.**—Defendant was charged in Placer County with the crimes of murder and attempted robbery together with an allegation of firearm use. The special circumstance of murder in the attempted commission of a robbery was also alleged. However, the People elected not to seek the death penalty.

Following an order of change of venue to Alameda County, the jury returned a verdict finding defendant guilty of second degree murder and the firearm use allegation to be true.[1]

Defendant was sentenced to 15 years to life plus 2 years for firearm use. Defendant now appeals raising claims of instructional and procedural error. We will affirm for the reasons discussed hereafter.

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I.   *Accessory After the Fact*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II.   *Felony Impeachment*

In the proceedings below, defendant filed a motion *in limine* to exclude for impeachment purposes his prior felony convictions for robbery, burglary and sale of heroin. The trial court ultimately ruled that defendant's three

---

[1] The jury was unable to reach a verdict on the charge of attempted robbery which was later dismissed.

* See footnote, *ante*, page 765.

convictions for sale of heroin and two convictions for burglary would be admissible, but that his robbery conviction would be inadmissible.

Defendant now argues the trial court erred in permitting impeachment by defendant's prior convictions for drug sales and burglary. His argument is two pronged: 1) the trial court erred in applying post-Proposition 8 law to this pre-Proposition 8 case; and 2) the priors were inadmissible under pre-Proposition 8 law.

In denying defendant's exclusion motion, the trial court explained that it had applied the ruling of *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111]. When defense counsel pointed out that the offense here occurred *before* Proposition 8, the trial court declared that in its view, the law in effect *at the time of trial* controlled.

■ The Attorney General concedes that the trial court committed error in applying post-Proposition 8 law[6] but argues the error was harmless. In applying *Castro,* it is argued, the trial court correctly engaged in the balancing process required under *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]. Defendant, on the other hand, asserts that he is entitled to the benefit of the line of pre-Proposition 8 cases which restricted the trial court's discretion rendering his priors inadmissible.

■ We conclude, however, that we need not reach the question of admissibility of defendant's priors. Since defendant did not testify at trial, the ruling on his motion to exclude his prior convictions for impeachment purposes is not reviewable on appeal. (*People* v. *Collins, supra,* 42 Cal.3d at pp. 383-388.)

■ Obviously, we reject defendant's novel argument that *Collins* applies only to post-Proposition 8 cases and hence has no application here. Although *Collins* was decided on August 11, 1986, after Proposition 8, the relevant holding is independent of that enactment.

Proposition 8, as adopted by the electorate in June 1982, added article I, section 28, subdivision (f) to the California Constitution governing the use of prior convictions for impeachment.[7] Thereafter, a number of trial courts

---

[6] The crime here occurred on February 9, 1981—well before the passage of Proposition 8. Hence, the changes wrought by article I, section 28, subdivision (f) of the California Constitution as interpreted in *People* v. *Castro, supra,* 38 Cal.3d 301, are not applicable here. (*People* v. *Smith* (1983) 34 Cal.3d 251, 257-263 [193 Cal.Rptr. 692, 667 P.2d 149]; see also *People* v. *Collins* (1986) 42 Cal.3d 378, 389, fn. 7 [228 Cal.Rptr. 899, 722 P.2d 173].) The determinative date is the date of the offense. (*People* v. *Smith, supra.*)

[7] Section 28, subdivision (f) provides: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. . . ."

and reviewing courts concluded that Proposition 8 had eliminated the discretionary power of trial courts recognized in *Beagle* to exclude certain prior felony convictions for impeachment purposes.

■ However, in *People v. Castro, supra,* 38 Cal.3d 301, the Supreme Court put this notion to rest holding that trial courts retain the discretionary power they have "always" had to exclude prior felony convictions under Evidence Code section 352. The *Castro* court concluded that Proposition 8 was not intended to supersede *Beagle* but only its progeny: "The intention of the drafters of the initiative was to restore trial court discretion as visualized by the Evidence Code and to reject the rigid, black letter rules of exclusion which we had grafted onto the code by the *Antick* line of decisions." (38 Cal.3d at p. 312.)

■ The *Collins* decision followed the standing rule adopted in *Luce v. United States* (1984) 469 U.S. 38 [83 L.Ed.2d 443, 105 S.Ct. 460]. In *Luce,* the United States Supreme Court, in a unanimous decision, determined that in order to preserve for review a claim of improper impeachment by a prior conviction admitted under Federal Rules of Evidence, rule 609(a),[8] "a defendant must testify." (*Id.,* at p. 43 [83 L.Ed.2d at p. 448].) In *Collins,* the California Supreme Court recognized that "[t]he federal rule of evidence implemented by the *Luce* decision . . . is similar in effect to the provisions of our Evidence Code [section 352] at issue in *Beagle* and *Castro*." (42 Cal.3d at p. 385.)

In so doing, the *Collins* court underscored the policy considerations underlying the *Luce* procedural rule and seminal *Beagle* holding while simultaneously noting the similarity of the federal rule of evidence implemented with the statutory provisions at issue in *Beagle* and *Castro*. Stated differently, the rationale underpinning the use of priors for impeachment is the same whether tested under *Beagle* or *Castro*, but the *Luce* rule applies as a judicially declared rule of procedure.

■ Moreover, the *Collins* court made the rule prospective only, noting that the decision established a new rule of law. "Under our prior decisions on this question a defendant was not required to testify in order to preserve for appeal a claim of improper impeachment by prior conviction; indeed, he

---

[8] "Federal rule 609(a) provides: 'For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.' " (Quoted in *People v. Collins, supra,* 42 Cal.3d at p. 383, fn. 3.)

was not even asked to make an offer of proof (*People* v. *Fries* (1979) 24 Cal.3d 222, 232-234 [155 Cal.Rptr. 194, 594 P.2d 19]). And no such sweeping procedural change was stated or implied in either Proposition 8 or its supporting ballot materials. Thus our decision to adopt the *Luce* requirement establishes a new rule of law when there was a previous rule in this state to the contrary; in such circumstances we have the option of giving it prospective effect on policy grounds. (*People* v. *Guerra* (1984) 37 Cal.3d 385, 399-406 [208 Cal.Rptr. 162, 690 P.2d 635].)" (42 Cal.3d at p. 388.) The court thereafter held that the *Luce* rule will apply "only prospectively to trials beginning after this decision is final." (*Id.,* at p. 388.) Defendant's trial began in October 1986 —well after *Collins* became final. (Cal. Rules of Court, rule24.) ▇▇▇ Consequently, we conclude that because defendant did not testify, his claim of erroneous denial of his motion to exclude prior convictions for impeachment is nonreviewable.

### III. *Address of Prosecution Witness**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

Judgment affirmed.

Newsom, J., and Holmdahl, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 9, 1989.

---

* See footnote, *ante,* page 765.