[No. 21373-7-II.    Division Two.    September 12, 1997.]

*In the Matter of the Detention of* JAMES HURLEY
HAGA, *Appellant.*

*Thomas E. Doyle* and *Robert M. Quillian*, for appellant
(appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Barbara
L. Corey-Boulet*, for respondent.

HOUGHTON, C.J. — James Hurley Haga appeals from the trial court's order committing him under Washington's Sexually Violent Predator Statute (SVPS), RCW 71.09, contending: (1) that the SVPS violates various constitutional provisions, and (2) he was deprived of his constitutional right to testify on his own behalf. We reverse and remand.

## FACTS

Since 1969, Haga has committed several violent rapes against adolescent girls and young women. Prior to his release from prison for his most recent conviction, the State moved to have Haga committed under the SVPS. At trial, the State called several witnesses, including Haga's victims, several experts, and Haga himself.

During the presentation of the defense's case, Haga's counsel requested a conference with the judge outside the presence of the jury and prosecutor. During this conference, Haga's counsel stated that Haga wanted to testify on his own behalf. Haga's counsel expressed reservations about calling Haga based upon his doubts regarding: (1) Haga's veracity; (2) the relevancy of Haga's proposed testimony; and (3) Haga's competency.

The trial court asked Haga whether he wanted to testify, and he indicated that he did. When the court asked Haga what he wished to testify about, Haga responded that he wanted to talk about some of the exhibits before the court. In sum, Haga wanted to testify about his honesty and to try to refute some of the expert testimony regarding his antisocial disorder.

The trial court commented that Haga had had his opportunity to testify when the State called him. Ultimately, the trial court agreed with Haga's counsel that Haga should not be allowed to testify.

Haga appealed directly to the Supreme Court which transferred the matter to this court.

## ANALYSIS

Constitutional Challenges

Haga first contends that the SVPS is unconstitutional on the following grounds: (1) it violates both substantive and procedural due process; (2) it violates equal protection; (3) it violates the double jeopardy clause; and (4) it is an ex post facto law.

Our Supreme Court has already ruled on these issues and upheld the SVPS. *In re Young*, 122 Wn.2d 1, 857 P.2d 989 (1993). The federal district court for the Western District of Washington disagreed, however, and granted Young's habeas corpus petition. *Young v. Weston*, 898 F. Supp. 744 (W.D. Wash. 1995) (holding that the SVPS violates the substantive due process component of the Fourteenth Amendment, the Ex Post Facto Clause, and the Double Jeopardy Clause).

Recently, the U.S. Supreme Court ruled that an identical Kansas statute is constitutional. *Kansas v. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed.2d 501 (1997). In light of the Court's ruling in *Hendricks*, Haga's constitutional arguments lack merit.

Right to Testify

█ Haga also contends that he was deprived of his constitutional right to testify on his own behalf. Both the federal and state constitutions provide criminal defendants the right to testify. U.S. CONST. amend. VI, XIV; CONST. art. I, § 22. This court has held that the right to testify is absolute and may not be abrogated by defense counsel. *State v. King*, 24 Wn. App. 495, 499, 601 P.2d 982 (1979); *see also People v. Robles*, 2 Cal. 3d 205, 214-15, 466 P.2d 710 (1970). Although a commitment proceeding under the SVPS is civil in nature, the statute expressly provides that "all constitutional rights available to defendants at

criminal trials, other than the right not to be tried while incompetent, shall apply." RCW 71.09.060(2).

Here, Haga made an unequivocal demand to testify on his own behalf. Haga's counsel advised the court that he had doubts about Haga's ability to testify truthfully. Haga's counsel did not, however, state that Haga intended to commit perjury, or that he knew that Haga would testify falsely. Haga's counsel also expressed doubts about Haga's competency to testify and the relevancy of Haga's testimony. The court agreed that Haga should not testify on his own behalf stating:

> I'm going to go along with your counsel's decision not to call you as a witness. I'm not going to let you override that.

By refusing to allow Haga to take the stand, the court deprived him of his constitutional right to testify. It is irrelevant that Haga's counsel refused to call him. The California Supreme Court has held that when "a defendant insists that he wants to testify, he cannot be deprived of that opportunity." *Robles*, 2 Cal. 3d at 215. Cases distinguishing *Robles* do not compel a contrary result. *See, e.g., People v. Alcala*, 4 Cal. 4th 742, 805-806, 842 P.2d 1192 (1992) (holding that reversal may not be predicated on a claim that the defendant was deprived of his right to testify where the record fails to disclose a timely demand to testify).

■ The State contends that depriving Haga of his right to testify was harmless error. We disagree. The right to testify is not generally susceptible to a harmless error analysis. *United States v. Martinez*, 883 F.2d 750, 770 (9th Cir. 1989) (barring accused from stand results in guesswork about missing testimony—often the centerpiece of trial); *see also Luce v. United States*, 469 U.S. 38, 42, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

We reverse and remand for a SVPS hearing with instructions to permit Haga to testify on his own behalf.

941

SEINFELD and ARMSTRONG, JJ., concur.

Review denied at 134 Wn.2d 1015 (1998).