Curtis John **WILLIAMS,** Petitioner—Appellant,

v.

David L. **RUNNELS,** Warden, Respondent—Appellee.

No. 05–56752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 25, 2006.

Filed Feb. 7, 2007.

---

588

Jerome P. Wallingford, Esq., San Diego, CA, for Petitioner–Appellant.

Daniel B. Rogers, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SILER *, TASHIMA, and BEA, Circuit Judges.

## MEMORANDUM **

Curtis John Williams ("Williams") appeals the district court's denial of his habeas petition. On appeal, Williams argues the district court erred in dismissing his habeas petition because the trial court's erroneous ruling that duress is not a defense to felony murder denied him due process by rendering his trial fundamentally unfair and the refusal to give the duress instruction caused him to choose not to testify as to his "only defense." In addition, Williams argues the district court erred in dismissing his habeas petition because his trial counsel's choice to proceed with a reasonable doubt theory rather than a duress defense constituted ineffective assistance of counsel.

The district court did not err in denying Williams' habeas petition. A due process claim cannot be maintained on the basis of an erroneous pretrial ruling that influences a criminal defendant's decision to testify, unless the defendant elects to testify. *See Luce v. United States,* 469 U.S. 38, 41–43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (holding it is not a due process violation erroneously to deny an *in limine* motion to prohibit impeachment of defendant should he testify, when defendant elects not to testify). Williams was free to introduce evidence of duress. Had the trial court persisted in refusing to give a duress instruction, Williams was free to pursue relief on direct appeal for that claimed instructional error.

Furthermore, given the state of the evidence and the risk the jury might not believe Williams' claim of duress, Williams' trial counsel's tactical decision not to have Williams testify was not ineffective assistance of counsel. *Yarborough v. Gentry,* 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (holding reasonably competent tactical decisions made by trial counsel are not ineffective assistance of counsel).

**AFFIRMED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.