

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# USA v. Falciglia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1631

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Falciglia" (2008). *2008 Decisions.* Paper 1016.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1016

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1631

UNITED STATES OF AMERICA

v.

WAYNE STEPHEN FALCIGLIA,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00032E)
District Judge: Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before: AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed:  June 17, 2008)

OPINION

AMBRO, Circuit Judge

Wayne Stephen Falciglia appeals his conviction for stealing firearms from a

licensed firearms dealer, a violation of 18 U.S.C. §§ 922(u) and 924(i)(1), resulting in a

102-month prison sentence. He raises three issues on appeal: (1) he did not knowingly and voluntarily waive his *Miranda* rights before making incriminating statements; (2) the District Court denied him his constitutional right to a defense; and (3) the Court misinterpreted the federal Sentencing Guidelines in declining to grant a downward departure in the calculation of the sentencing range considered in the actual sentence. We affirm.

## I. Jurisdiction and Standard of Review

We have jurisdiction over the District Court's final judgment pursuant to 28 U.S.C. § 1291. Any factual findings are binding on us unless they are clearly erroneous. *United States v. Jacobs*, 431 F.3d 99, 104 (3d Cir. 2005). We have plenary review over conclusions of law, such as the *Miranda* issue or interpretations of the federal Sentencing Guidelines. *See id.* (*Miranda* issue); *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (sentencing issue). We review any claims that were not preserved in the District Court for plain error. *United States v. Rivas*, 493 F.3d 131, 136 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 929 (2008).

## II. Merits

### A. Voluntariness of the *Miranda* Waiver

Falciglia first claims that a state police officer and federal law enforcement agents misled him into giving incriminating statements when questioning him about the stolen guns. By his account, the agents suggested he would receive a more lenient sentence in

exchange for incriminating his accomplices. He argues that the officers told him that his cooperation would be "helpful," which he interpreted as meaning that any statements he made would not be used against him but rather would be used against his coconspirators. Our sister courts of appeals are uniform in holding that an officer may indicate that the defendant's statements could bring about leniency without violating *Miranda*. *See, e.g., United States v. Gaines*, 295 F.3d 293, 299 (2d Cir. 2002) ("[T]here is no inconsistency between the required warning that the defendant's statement may be used against him and a further statement that cooperation can help him. Both are true."). *But see id.* (noting "that unfulfillable promises or certain other misrepresentations made to a suspect might render a confession involuntary because they overcome his desire to remain silent."). Thus, even if the agents had made promises, those promises did not render the waiver involuntary.

Considering the totality of the circumstances, *Miller v. Fenton*, 796 F.2d 598, 608 (3d Cir. 1986), we hold that Falciglia's waiver of his *Miranda* rights was knowing and voluntary. He was not under pressure during the brief interrogation in which he made incriminating statements. Moreover, he had substantial experience within the criminal justice system. We also agree with the District Court that nothing in a recorded phone conversation between Faciglia and his wife (which he both seeks to suppress and to rely upon, depending on the issue) supports his claim that his waiver was involuntary.

**B. Denial of the Right to a Defense**

Falciglia argues that the District Court denied him his Fifth Amendment right to a defense by ruling that the prosecution could introduce an incriminating telephone conversation between him and his wife as impeachment evidence. The District Court ruled that this evidence could only be used in the event that Falciglia testified. He did not testify. The Supreme Court has previously held that, where the District Court rules that the prosecution can impeach a testifying defendant with evidence of a prior conviction and the defendant does not thereafter testify, he has waived the right to challenge on appeal the District Court's ruling on impeachment. *See Luce v. United States*, 469 U.S. 38, 42 (1984) ("Because an accused's decision whether to testify seldom turns on the resolution of one factor, a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify." (internal quotation marks and citations omitted)). We have no way of knowing why Falciglia chose not to testify and whether the prosecution would have used the impeachment evidence had he testified. In this context, the waiver rule of *Luce* applies.

**C. Sentencing**

Finally, Falciglia claims that the District Court erred by not granting a downward departure. He asserts that he should have received credit for a sentence already discharged—under U.S.S.G. § 5G1.3, Application Note 4, or § 5K2.23—because his previously served sentence was imposed for conduct that was relevant to the charge in

4

this case.[1]  Specifically, he argues that his possession of the stolen guns in New York state, for which he served a 60-month sentence, was relevant conduct under U.S.S.G. § 1B1.3(a)(1)(A) to the firearm robbery in Pennsylvania because one of the same guns was involved in both crimes.  On this basis, he seeks a 60-month downward departure.

The District Court properly denied the motion for a downward departure. Possessing the guns in New York was not "the basis for an increase in the offense level in [the] offense [before it]," which is a requirement for a downward departure based on relevant conduct.  U.S.S.G. § 5G1.3(b).  As the District Court pointed out, Falciglia was convicted of stealing 26 guns; he only claims that one of them was involved in the New York offense.  Moreover, U.S.S.G. § 5G1.3, Application Note 4, and § 5K2.23 provide the option of a downward departure—they do not mandate it.

\* \* \* \* \*

We thus affirm the judgment of the District Court.

---

[1] After denying the motion for downward departure, the District Court then granted a downward variance of 18 months from the statutory maximum sentence of 120 months. The Government has not appealed the variance.