**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Ralph DAVE, Defendant—
Appellant.**

No. 07–30093.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 14, 2008.

Stephen Francis Peifer, Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff-Appellee.

Michael Robert Levine, Law Office of Michael R. Levine, Portland, OR, for Defendant–Appellant.

Before: THOMPSON, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM *

James Ralph Dave ("Dave") was convicted by a jury of abusive sexual contact with a minor under twelve years of age, and the district court entered a judgment of conviction under 18 U.S.C. § 2244(c). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction under 28 U.S.C. § 1291, and for the reasons stated below, we reverse and remand for a new trial.

■ During the trial, the government called Mr. Schimmel to testify as a lay witness. Schimmel was a tribal liaison who worked at the alleged victim's school. He testified that he had received training in recognizing "abuse" in children, and he had noticed some "red flags" in the victim's behavior which indicated abuse. He stated that these red flags were changes in her behavior such as slipping grades, falling asleep in class, experimenting with marijuana, and becoming more "physically friendly." Dave objected on the ground that Schimmel was offering testimony that could only be presented by a qualified expert, but the court refused to strike the challenged testimony. Dave argues that the court erred in failing to strike Schimmel's testimony. Dave is correct, as it is error to permit a lay witness to offer an opinion on a subject that only a qualified expert can render. Fed.R.Evid. 702.

In response to Schimmel's testimony, Dave called an expert witness who testified that there are no typical behavioral indicators of child sexual abuse. The government did not present any evidence to rebut this testimony, but in closing argument to the jury, the prosecutor stated: "The notion that you heard this morning from Dr. Okla [the defense expert] that those characteristics that I ran through, that the victim testified to, are not indicators of sex abuse is nonsense, utter nonsense. Any school teacher can tell you that. Utter nonsense." Dave did not object to this argument, but on appeal contends the prosecutor's closing remarks about what "any school teacher" could tell the jury concerning "indicators of sex abuse" referenced matters outside the record. It is well settled law that the government may not argue facts outside the record to support its case. *Downs v. Hoyt,* 232 F.3d 1031, 1038 (9th Cir.2000).

The prosecutor's remarks to the jury about indicators of child sexual abuse, standing alone, might not constitute plain error. But when added to the unstricken testimony from Schimmel pertaining to "red flags" that indicated the possibility of child abuse, the unstricken testimony and the prosecutor's argument resulted in prejudice to Dave, and a new trial is warranted. *See United States v. Wallace,* 848 F.2d 1464, 1475–76 (9th Cir.1988) (holding the cumulative effect of errors warranted reversal, especially in light of the importance of the defendant's credibility in the case).

■ Dave also challenges the district court's pretrial ruling admitting evidence of his prior felony conviction for impeachment purposes under Federal Rule of Evidence 609. Dave had been convicted of possession of methamphetamine, a felony. The district court correctly applied the five *Cook* factors in weighing the probative value of the prior conviction against its prejudicial effect. *See United States v. Cook,* 608 F.2d 1175, 1185 n. 8 (9th Cir.1979) (en banc), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), *overruled on other grounds in Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court did not abuse its discretion in admitting evidence of the prior conviction.

We **REVERSE** Dave's conviction and **REMAND** for a new trial.