GOTTSCHALL, District Judge,
concurring in the court’s judgment.
I join the panel’s opinion, but write separately to highlight what I view as a degree of unfairness, resulting from a lack of clarity in the caselaw, which affected the district court’s pretrial ruling on the admissibility of molestation evidence in the event that the defendant testified.
I agree that it was well within the district court’s discretion to exclude, as the district court initially did, the molestation testimony based on the court’s conclusion that the probative value of that testimony did not outweigh its prejudicial effect. The district court carefully weighed the relevant Rule 403 considerations, recognizing that the evidence of molestation was remote in time, while also recognizing that the evidence would be extremely prejudicial.
But when the district court made its ruling, it explicitly mentioned the possibility that the defendant, if he testified, could “open the door” to the molestation evidence:
The door may be opened to the inclusion of that evidence on cross-examination of the defendant, depending on how that testimony goes, and also as possible *855 rebuttal evidence depending on what the defense evidence is, if any.
The defendant’s not obligated to present any evidence, but if the defense does not present evidence on issues that would be — that would make this relevant and relevant as impeachment and relevant as to the charges in the indictment, then it can’t come in any other way.
(R. 74 at 26.) As the panel notes, the district court also ruled that Russell could testify about his nudism. Taken together, these rulings “seemed to envision that Russell could testify that the charged photographs were consistent with his own practice of nudism ... and that the photos were not inappropriate, sexually charged images, without opening the door to evidence that he had previously touched Jane Doe 1 inappropriately.” (Maj. Op., supra at 846.)
The district court had already excluded the testimony of Russell’s nudism expert. Thus, Russell’s own testimony was the only way in which he could present his defense: that he was a nudist and a photographer, that his images were a “simple portrayal of nude children” (R. 74 at 16), and that he never intended the photographs to be lascivious. While his decision to testify exposed him to cross-examination, it was a risk he accepted in light of the understanding that if he testified as predicted, the molestation evidence would not come in.
The record reflects that defense counsel carefully adhered to the limits set by the district court when eliciting Russell’s nudism testimony on direct examination. Indeed, Russell’s testimony at trial was consistent with what everybody understood and expected that testimony to be. Still, Russell’s testimony necessarily “call[ed] into question his purpose and motive in taking the charged photographs.” (Maj. Op., supra at 846.)
When the district court realized that Russell’s intent was at issue, it was entitled to revisit its earlier pretrial ruling. See Ohler v. United States, 529 U.S. 753, 758 n. 3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000) (noting that “in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial” (citing Luce v. United States, 469 U.S. 38, 41-42, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). And I agree that it would not be an abuse of discretion for the court to reverse itself and conclude that the molestation testimony was relevant and admissible under Rule 404(b), and that the probative value of the testimony outweighed its prejudicial effect under Rule 403. But in my view, when a district court revisits a pretrial ruling after a party has materially changed its position in reliance thereon, the court should at least consider the prejudice flowing from that reversal as part of its calculation. See, e.g., United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir.1999) (holding that “the district court must consider any prejudice that will accrue to the defendant as a result of the court’s reversal of an earlier in limine ruling,” and citing cases from other circuits that follow this approach). Even if the district court had considered the prejudice flowing from its reversal of its pretrial ruling, however, it seems likely that the court would have allowed the molestation evidence, so central was it to the issue of Russell’s intent.
Today’s opinion will make clear that in cases like this one — that is, where the defense is that the images are simple portrayals of naked children which were not intended to be lascivious — the primary focus in evaluating the legality of the charged photographs remains on the images, but “the intent and motive of the *856 photographer can be a relevant consideration in evaluating those images.” (Maj. Op., supra at 843.) See also United States v. Noel, 581 F.3d 490, 499-500 (7th Cir.2009); United States v. Burt, 495 F.3d 733, 736 (7th Cir.2007). With this clarification, both district courts and litigants should be in a better position to evaluate the consequences of defense evidence, whatever form that evidence takes, that a photographer did not intend the subject images to be lascivious.