# LUCE *v.* UNITED STATES

No. 83–912.   Argued October 3, 1984—Decided December 10, 1984

BURGER, C. J., delivered the opinion of the Court, in which all other Members joined, except STEVENS, J., who took no part in the consideration or decision of the case. BRENNAN, J., filed a concurring opinion, in which MARSHALL, J., joined, *post*, p. 43.

*James I. Marcus* argued the cause and filed a brief for petitioner.

*Bruce N. Kuhlik* argued the cause *pro hac vice* for the United States. With him on the brief were *Solicitor General Lee, Assistant Attorney General Trott, Deputy Solicitor General Frey,* and *Sara Criscitelli.*

CHIEF JUSTICE BURGER delivered the opinion of the Court.

We granted certiorari to resolve a conflict among the Circuits as to whether the defendant, who did not testify at trial, is entitled to review of the District Court's ruling denying his motion to forbid the use of a prior conviction to impeach his credibility.

I

Petitioner was indicted on charges of conspiracy, and possession of cocaine with intent to distribute, in violation of 21 U. S. C. §§ 846 and 841(a)(1). During his trial in the United States District Court for the Western District of Tennessee, petitioner moved for a ruling to preclude the Government from using a 1974 state conviction to impeach him if he testified. There was no commitment by petitioner that he would testify if the motion were granted, nor did he make a proffer to the court as to what his testimony would be. In opposing the motion, the Government represented that the conviction was for a serious crime—possession of a controlled substance.

The District Court ruled that the prior conviction fell within the category of permissible impeachment evidence

under Federal Rule of Evidence 609(a).[1]  The District Court noted, however, that the nature and scope of petitioner's trial testimony could affect the court's specific evidentiary rulings; for example, the court was prepared to hold that the prior conviction would be excluded if petitioner limited his testimony to explaining his attempt to flee from the arresting officers.   However, if petitioner took the stand and denied any prior involvement with drugs, he could then be impeached by the 1974 conviction.   Petitioner did not testify, and the jury returned guilty verdicts.

## II

The United States Court of Appeals for the Sixth Circuit affirmed.   713 F. 2d 1236 (1983).   The Court of Appeals refused to consider petitioner's contention that the District Court abused its discretion in denying the motion *in limine*[2] without making an explicit finding that the probative value of the prior conviction outweighed its prejudicial effect.   The Court of Appeals held that when the defendant does not testify, the court will not review the District Court's *in limine* ruling.

Some other Circuits have permitted review in similar situations;[3] we granted certiorari to resolve the conflict. 466 U. S. 903 (1984).   We affirm.

---

[1] Rule 609(a) provides:

"General Rule.—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

[2] *"In limine"* has been defined as "[o]n or at the threshold; at the very beginning; preliminarily."   Black's Law Dictionary 708 (5th ed. 1979). We use the term in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.

[3] See, *e. g.*, *United States* v. *Lipscomb*, 226 U. S. App. D. C. 312, 332, 702 F. 2d 1049, 1069 (1983) (en banc); *United States* v. *Kiendra*, 663 F. 2d

## III

It is clear, of course, that had petitioner testified and been impeached by evidence of a prior conviction, the District Court's decision to admit the impeachment evidence would have been reviewable on appeal along with any other claims of error. The Court of Appeals would then have had a complete record detailing the nature of petitioner's testimony, the scope of the cross-examination, and the possible impact of the impeachment on the jury's verdict.

A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context.[4] This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.[5]

Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to

349, 352 (CA1 1981); *United States* v. *Fountain*, 642 F. 2d 1083, 1088 (CA7), cert. denied, 451 U. S. 993 (1981); *United States* v. *Toney*, 615 F. 2d 277, 279 (CA5), cert. denied, 449 U. S. 985 (1980). The Ninth Circuit allows review if the defendant makes a record unequivocally announcing his intention to testify if his motion to exclude prior convictions is granted, and if he proffers the substance of his contemplated testimony. See *United States* v. *Cook*, 608 F. 2d 1175, 1186 (1979) (en banc), cert. denied, 444 U. S. 1034 (1980).

[4] Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials. See generally Fed. Rule Evid. 103(c); cf. Fed. Rule Crim. Proc. 12(e).

[5] Requiring a defendant to make a proffer of testimony is no answer; his trial testimony could, for any number of reasons, differ from the proffer.

alter a previous *in limine* ruling. On a record such as here, it would be a matter of conjecture whether the District Court would have allowed the Government to attack petitioner's credibility at trial by means of the prior conviction.

When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect not to use an arguably inadmissible prior conviction.

Because an accused's decision whether to testify "seldom turns on the resolution of one factor," *New Jersey* v. *Portash*, 440 U. S. 450, 467 (1979) (BLACKMUN, J., dissenting), a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify. In support of his motion a defendant might make a commitment to testify if his motion is granted; but such a commitment is virtually risk free because of the difficulty of enforcing it.

Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. See generally *United States* v. *Hasting*, 461 U. S. 499 (1983). Were *in limine* rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to "plant" reversible error in the event of conviction.

Petitioner's reliance on *Brooks* v. *Tennessee*, 406 U. S. 605 (1972), and *New Jersey* v. *Portash, supra,* is misplaced. In those cases we reviewed Fifth Amendment challenges to state-court rulings that operated to dissuade defendants from testifying. We did not hold that a federal court's prelimi-

nary ruling on a question not reaching constitutional dimensions—such as a decision under Rule 609(a)—is reviewable on appeal.

However, JUSTICE POWELL, in his concurring opinion in *Portash*, stated essentially the rule we adopt today:

> "The preferred method for raising claims such as [petitioner's] would be for the defendant to take the stand and appeal a subsequent conviction . . . . Only in this way may the claim be presented to a reviewing court in a concrete factual context." 440 U. S., at 462.

We hold that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify. Accordingly, the judgment of the Court of Appeals is

*Affirmed.*

JUSTICE STEVENS took no part in the consideration or decision of this case.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, concurring.

I join the opinion of the Court because I understand it to hold only that a defendant who does not testify at trial may not challenge on appeal an *in limine* ruling respecting admission of a prior conviction for purposes of impeachment under Rule 609(a) of the Federal Rules of Evidence. The Court correctly identifies two reasons for precluding appellate review unless the defendant testifies at trial. The careful weighing of probative value and prejudicial effect that Rule 609(a) requires of a district court can only be evaluated adequately on appeal in the specific factual context of a trial as it has unfolded. And if the defendant declines to testify, the reviewing court is handicapped in making the required harmless-error determination should the district court's *in limine* ruling prove to have been incorrect.

I do not understand the Court to be deciding broader questions of appealability *vel non* of *in limine* rulings that do not involve Rule 609(a).   In particular, I do not read the Court's quotation of JUSTICE POWELL's concurring opinion in *New Jersey* v. *Portash,* 440 U. S. 450, 462 (1979), see *ante,* at 43, as intimating a determination with respect to a federal court's *in limine* ruling concerning the constitutionality of admitting immunized testimony for impeachment purposes. In that case, and others in which the determinative question turns on legal and not factual considerations, a requirement that the defendant actually testify at trial to preserve the admissibility issue for appeal might not necessarily be appropriate.   The appellate court's need to frame the question in a concrete factual context would be less acute, and the calculus of interests correspondingly different, than in the Rule 609(a) case the Court decides today.