780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MARK EDWARD BRADLEY, Defendant-Appellant.
 85-5254
 United States Court of Appeals, Sixth Circuit.
 11/1/85
 
 AFFIRMED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: JONES, Circuit Judge; WEICK and PECK, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Mark Bradley appeals his jury conviction on four separate counts for conspiracy to import and distribute marijuana, and importing marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846, 952 and 963, and 18 U.S.C. Sec. 2 (1982). Bradley argues that the trial judge committed three errors during the course of the trial. We have reviewed each of these claims of error and agree with the trial judge's rulings.
 
 
 2
 The criminal acts on which Bailey's indictment were based stemmed from an earlier transaction in which seven co-conspirators were arrested when an airplane full of marijuana was flown from Belize, Central America to Union City, Tennessee. Preliminary information about the various details of the operation and the organization of individuals responsible for engineering the arrival of the shipment was supplied to the Memphis Metro Narcotics Unit by a confidential informant. According to the agents involved, this informant was not directly involved in the criminal organization but was in contact with a person who was a low-level participant in the organization. This informant had given accurate and reliable information in the past but was unaware of the names of every member of the organization, including the name of Bradley. He only furnished the government with the names of three members of the organization and with information concerning the arrival of the shipment of marijuana. Five men were arrested at the airport and two other men were arrested a short time later. At the time of these arrests, the government was not aware of Bradley's involvement in these affairs. These seven men were subsequently convicted.
 
 
 3
 Shortly after these arrests, one of the agents learned through a second source that Bradley may have been a member of this organization. Three of the convicted men who were incarcerated in the same facility agreed to cooperate with the government and testify in the case against Bradley. Each man stated that he testified voluntarily. Another of the convicted men testified by subpoena. A fifth man who had some connection with the illegal transactions but was not arrested testified under a grant of conditional immunity.
 
 
 4
 At Bradley's trial, each man testified in a detailed and intimate fashion about Bradley's involvement in the organization. There was also evidence that on the night the airplane shipment arrived in Union City, one of the men telephoned Bradley at his home. On that night the agents also found a note in one of the men's pockets which said 'David call Mark.' Based on this evidence, the jury found Bradley guilty on all counts.
 
 
 5
 * Bradley first assigns as error the trial judge's denial of his motion to reveal the identity of the confidential informant. He sought to have the identity revealed of the informant who supplied the information leading to the conviction of the seven men arrested on the evening the shipment of marijuana arrived. It is his theory that the men who testified at his trial concerning his involvement in the narcotics enterprise conspired to fabricate their testimony in order to have their prison terms reduced. Since this informant provided sufficient information to initiate the investigation and information regarding the incoming shipment, he believes that the informant may also have had exculpatory evidence to rebut the testimony of these men.
 
 
 6
 Generally, the government has a privilege not to disclose the identity of confidential informants. United States v. Whitley, 734 F.2d 1129, 1137 (6th Cir. 1984); (citing Roviaro v. United States, 353 U.S. 53 (1957)). This privilege, however, is not absolute. It must yield where disclosure of the informer's identity or the content of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. Id. A balance must be struck between the two interests. The determination depends on the circumstances of each case but the considerations must include the crime charged, possible defenses, the possible significance of the informer's testimony and other relevant factors. Whitley, 734 F.2d at 1138. In this circuit, however, the balance falls in favor of the government when the informant had no more than a limited role in the criminal transactions. Nondisclosure is proper when an informant is not a direct participant in the criminal activity. Whitley, at 1138. (informant merely introduced government agent to defendant); United States v. McManus, 560 F.2d 747, 751 (6th Cir. 1977), cert. denied, 434 U.S. 1047 (1978) (informant accompanied Government agent on undercover operation).
 
 
 7
 The trial judge found no potential exculpating evidence after reviewing affadavits containing the information provided by the informant. All of the affidavits indicated that the informant did not participate in the criminal operation and that he did not implicate Bradley as a member of the organization. Moreover, the link between the informant and Bradley's arrest was far too remote to base reversal on this ground. We therefore must conclude that the balance weighs in favor of nondisclosure.
 
 
 8
 Bradley further contends that the informant privilege must yield because nondisclosure denied him the right to confront witnesses in violation of the Sixth Amendment. During the trial, a DEA agent first testified that information provided by an informant initiated the investigation of the activities of the organization. The defendant asserts that not being permitted to question this witness regarding the informant's identity or source of information in response to this testimony was a denial of his right to cross examine witnesses. He relies on United States v. Pritchett, 699 F.2d 317 (6th Cir. 1983) in support of this contention. Pritchett, however, is inapposite. In Pritchett, a witness unknowingly revealed the identity of the informant during direct examination. The witness' testimony clearly indicated that the informant was a narcotics dealer who had potentially exculpating evidence. The trial court acquiesced in the government's request to limit cross-examination of the witness regarding any further details concerning the actions of the informant. This court, however, reversed that ruling reasoning that since the informant's name had been revealed and it had been shown that he possessed potentially exculpatory evidence, the defendant's cross examination could not be curtailed. These facts are a vast departure from the facts existing in this case. We find no merit in this claim.
 
 
 9
 Based on the above considerations, we agree with the trial judge's ruling denying Bradley's motion to reveal the identity of the informant.
 
 II
 
 10
 The defendant also contends that the trial court erred by refusing to grant a mistrial after admitting into evidence statements attributed to an out-of-court declarant. A government witness testified on cross-examination that a second source of information surfaced after the first men were convicted. On re-direct, he testified that this second source provided information linking Bradley to the crime. Bradley contends that the questions eliciting these statements were outside the scope of redirect and that the statements themselves were hearsay.
 
 
 11
 It is within the sound discretion of the trial judge whether to declare a mistrial and this decision may not be reversed except for an abuse of that discretion. United States v. Battista, 646 F.2d 237, 247 (6th Cir. 1981), cert. denied, 454 U.S. 1046 (1981). There is nothing in the record to indicate that he abused his discretion by not declaring a mistrial in this case especially when five different witnesses testified with such detailed evidence. Even if did accept Bradley's argument that admitting the statements into evidence was error, it was at best harmless error, not reversible error.
 
 III
 
 12
 Finally, Bradley contends that the district court erred in admitting a sixteen-year-old conviction for the sale of narcotics into evidence. The trial judge held an in limine hearing prior to trial where he ruled that the probative value of admitting the conviction outweighed the prejudicial effect to the defendant. The government, however, never had an opportunity to introduce the conviction into evidence--the defendant first broached the subject of the conviction during direct examination. He testified falsely that the conviction was for personal use and not for the sale of marijuana. By voluntarily testifying to the existence of his prior conviction, the defendant, in effect, waived any objection to the in limine ruling. See United States v. Cobb, 588 F.2d 607, 613 (8th Cir. 1978) cert. denied 440 U.S. 947 (1979). The trial court must have an opportunity to rule on the admissibility of the proffered evidence during trial despite the in limine ruling in order for this court to review that preliminary ruling. Cf. United States v. Luce, 105 S.Ct. 460, 463 (1984).
 
 
 13
 In conclusion, we have examined all of the defendant's contentions and find ourselves in agreement with the district court's rulings. We have also reviewed his claim that the jury verdict was not supported by the evidence and find that claim without merit. Accordingly, the judgment on the jury conviction is AFFIRMED.