993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Michael GIENIEC, Defendant-Appellant.
 No. 92-50419.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 6, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The district court didn't err in admitting evidence of Gieniec's prior bad acts. The evidence was relevant to show the nature of Gieniec's relationship with Rydzewski, which in turn bore on Gieniec's likely intent in accepting money from Rydzewski. Because the evidence was relevant to show something other than Gieniec's bad character, it wasn't excludable under Fed.R.Evid. 404. The probative value of the evidence was also not substantially outweighed by the danger of any unfair prejudice. See Fed.R.Evid. 403.
 
 
 3
 The district court didn't err in telling Gieniec that, if he put on evidence about Rydzewski's relationship with Tornberg, the jury could be told about Tornberg's prior trial, guilty verdict and the judgment for Tornberg notwithstanding that verdict. The court's statement was quite likely correct: If Gieniec broached the subject of the Rydzewski-Tornberg relationship, the circumstances of the Tornberg trial would probably have become relevant and therefore admissible. But the right way of preserving this point for appeal would have been for Gieniec to present his evidence and then object to the government's evidence. By not doing this, Gieniec has waived his right to appeal. See Luce v. United States, 469 U.S. 38, 41-43 (1984).
 
 
 4
 The district court also didn't err in admitting evidence of certain statements made by Gieniec's wife. These statements were admitted not for their truth, but to show their effect on the hearer (Rydzewski). Gieniec could have gotten a limiting instruction had he asked for one, see Fed.R.Evid. 105, but he didn't.
 
 
 5
 Finally, a rational jury that believed the government's evidence and not Gieniec's could have concluded that Gieniec's guilt was proven beyond a reasonable doubt.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3