**UNITED STATES of America,
Plaintiff,**

v.

**Jose Ramon PAREDES, Defendant.**

**No. S2 99 CR 290(PKL).**

United States District Court,
S.D. New York.

Nov. 29, 2001.

---

Cheryl Krause, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for plaintiff.

Erika P. McDaniel, Law Offices of Erika P. McDaniel, P.C., Brooklyn, NY, John Byrnes, Federal Defender Services Unit, Lloyd Epstein, Epstein & Weil, New York City, for defendant.

## MEMORANDUM ORDER

LEISURE, District Judge.

The defendant in this case, Jose Ramon Paredes, has moved for a mistrial based

upon statements made during trial on November 28, 2001. For the following reasons, the Court finds the challenged statements were not so prejudicial as to deny defendant a fair trial in this case and therefore defendant's motion is denied.

### Standard

"[A] trial judge must be ever conscious of the special attention and respect he commands from the jury and must exercise caution to maintain an appearance of impartiality." *United States v. Pisani,* 773 F.2d 397, 402 (2d Cir.1985). However, the ultimate question in considering whether a new trial should be granted is whether the judge's behavior was so prejudicial that it denied the defendant a fair, as opposed to a perfect, trial. *See United States v. Manko,* 979 F.2d 900, 905 (2d Cir.1992). A reviewing court's role is not to determine "whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid." *United States v. Amiel,* 95 F.3d 135, 146 (2d Cir.1996). Rather, the "test is whether the jury was so impressed with the judge's partiality to the prosecution that it ... appeared to the jury that the court believed the accused was guilty." *Id.* (internal alterations omitted).

### Discussion

Defendant bases his motion for a mistrial upon three arguments: (1) that the Court incorrectly granted the government's renewed motion *in limine* regarding defendant's Canadian narcotics conviction and related parole violation; (2) that defendant's counsel did not have an opportunity to argue that defendant's narcotics conviction should not be admitted; and (3) that the Court's reference to the *in limine* rulings in this case and to the government prevailing on some considerations so prejudiced the defendant's ability to present

his case to the jury that a mistrial is warranted. The court will address these arguments *in seriatim.*

First, defendant argues that a mistrial should be granted because the Court granted the government's renewed motion *in limine* regarding the defendant's Canadian narcotics conviction and his related parole violation. The defendant asserts that the government only sought at that time to have the defendant's parole violation admitted, and that the government did not seek to have the Canadian narcotics conviction entered into evidence. The Court has provided a detailed explanation of why this evidence was admitted. *See* Memorandum Order Regarding Other Crimes Evidence, November 29, 2001 ("Mem. Ord. Other Crimes"). In short, the defendant's motion for a mistrial on this ground is without merit because the government's stated request was to renew its earlier motion *in limine,* which dealt with both the defendant's narcotics conviction and his related parole violation. *See id.* at 1, n. 1. Further, a court ruling regarding a motion *in limine* is "subject to change when the case unfolds." *Luce v. United States,* 469 U.S. 38, 41, n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *see also* Mem. Ord. Other Crimes at Section I (discussing *in limine* motions).

Second, defendant argues that a mistrial is warranted because defendant's counsel did not have an opportunity to argue that the defendant's narcotics conviction should not be admitted into evidence. This argument is also without merit. The defendant had previously submitted a letter addressing this motion *in limine* and had the opportunity at sidebar to argue that the government's renewed motion *in limine* should be denied. *See* Defendant's Opposition to the Government's Motions in Limine, November 19, 2001, at 1–2; Transcript, November 28,

2001 at 189; *see also* Mem. Ord. Other Crimes at 1, n. 1 (noting that the defendant may have misunderstood the government counsel's motion).

■ The defendant's final argument is also unavailing. Defendant argues that the Court's explanation to the jury before issuing its ruling regarding the Rule 404(b) motion and prior to reading the Rule 404(b) limiting instruction, was improper. In particular, defendant points to one sentence wherein the Court stated: "I have already ruled in favor of the government on these other considerations, but it may be that either the defendant or the government will request me to repeat the limiting instruction with respect to the additional evidence, but I just wanted to make clear on the record because the defendant is still objecting to testimony concerning the defendant's Canadian narcotics conviction and parole violation, so that I am overruling the objection at this time to permit the government to question the witness." Transcript, November 28, 2001 at 191. Defendant argues that by mentioning to the jury that the Court had ruled in favor of the government in various pretrial *in limine* motions, the Court thereby indicated that the judge was partial to the government's case. *See id.* at 206. Moreover, defendant argues, this statement has so "undermined [his] credibility" that it makes it "much more difficult for [him] in terms of presenting various other arguments in front of the jury." *Id.* at 208.

Here the Court was attempting to clarify, for the jury's edification, why it is a judge often has to read limiting instructions during a trial. This explanation was especially warranted because shortly before, the Court was asked to read a separate limiting instruction regarding testimony of the death of a coconspirator, "El Gordo," a/k/a Alex Ortenza. *See* Transcript at 182–83. The Court's reference to its *in limine* ruling in favor of the government was neither prejudicial nor indicative of favoring either side. At most, the innocuous reference is tantamount to the Court stating "overruled" in the presence of the jury as it would with any evidentiary objection raised at trial. "[A] trial judge must rule on countless objections, and a simple numerical tally of those sustained and overruled ... is not enough to establish that the scales of justice were tipped against a defendant." *United States v. Pisani*, 773 F.2d 397, 402 (2d Cir.1985). "Of far greater importance is the correctness and fairness of the judge's evidentiary rulings." *Id.* In any event, the defendant did not bring the relevant *in limine* motion in this case, the government did, and had the government failed to bring the motion, the Court would have been obliged to rule on the admissibility of this evidence in the jury's presence at trial.

The Court has repeatedly stated on the record its high opinion of all the attorneys appearing in this case and has made every effort to remain even-handed in its treatment of both sides during the trial thus far. In fact, earlier in the afternoon session, the Court noted in the jury's presence that "the lawyers are extremely capable on both sides" and that the "court is very pleased with the quality of the attorneys on both sides." Transcript at 157. Indeed, the Second Circuit has denied retrial in many cases wherein the trial court engaged in far more caustic commentary that the challenged statements here. *See, e.g., Pisani*, 773 F.2d at 403–04 (statements by trial judge in jury's presence characterizing defense counsel's questions or statements as "improper" and "completely without merit," directing defense counsel to "stop mumbling," and that line of questioning was "a bore and a waste of time" did not convey impression of impartiality warranting new trial); *United*

*States v. Robinson,* 635 F.2d 981, 985 (2d Cir.1980) (trial court's open criticisms of defense counsel in jury's presence did not warrant new trial).

The Court respects defense counsel's vigorous efforts in defending his client, but disagrees that the challenged statement regarding the *in limine* rulings unfairly prejudiced the defendant so that he cannot receive a fair trial. If the parties believe it necessary, the Court invites counsel to provide limiting instructions for submission to the jury with respect to the considerations discussed herein. *See Robinson,* 635 F.2d at 985 (lengthy limiting instruction helped mitigate any potential prejudice resulting from court's criticism of counsel).

## CONCLUSION

For the reasons set forth above, the defendant's motion for a mistrial is hereby denied.

**SO ORDERED.**