IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1015-02






THEODORE SARON WILLIAMS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Keller, P.J., filed a dissenting opinion.


DISSENTING OPINION



 The trial court did not prohibit appellant from giving a voice exemplar. The trial court simply held
that giving a voice exemplar would subject him to cross-examination by the State. The alleged error, then,
is not the exclusion of a voice exemplar but the allowance of cross-examination. But the cross-examination
never occurred because appellant did not give a voice exemplar. The trial court should not be reversed
for permitting cross-examination when that cross-examination never occurred. 

 This case is similar to Luce v. United States (1) and Jackson v. State. (2) In Luce, the defendant
wanted to testify free from impeachment by a prior conviction. (3) The trial court decided the prior conviction
was in the category of permissible impeachment evidence and refused to foreclose its use. In declining to
review the merits of the alleged error, the United States Supreme Court observed that reviewing the trial
court's ruling was fraught with difficulty, requiring speculation about:

(1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling
would have remained the same or would have changed as the case unfolded, (3) whether
the government would have sought to impeach the defendant with the prior conviction, (4)
whether the accused would have testified in any event, and (5) whether any resulting error
in permitting impeachment would have been harmless. (4)


The Court held that to raise and preserve for review the claim of improper impeachment with a prior
conviction, a defendant must testify.

 In Jackson, the defendant asked to be allowed to testify at the punishment phase of his death
penalty trial without being cross-examined about prior extraneous offenses. (5) The trial court denied his
request. (6) Relying upon Luce, we held that error was not preserved because the defendant did not in fact
testify (and thus, was not impeached with extraneous offenses). (7) 

 The parallels in this case, Luce, and Jackson are striking. All involve: (a) the defendant's attempt
to introduce certain evidence free from impeachment, (b) the trial court's ruling that the evidence, if
introduced, would be subject to impeachment, and (c) the defendant's decision not to introduce his
evidence. 

 This case embodies the concerns expressed in Luce. Although appellant submitted by bill of
exception a tape-recorded reading of the jury charge, we do not know that appellant's voice exemplar
would have been the same in the courtroom in front of a jury. 

 We also do not know for certain that the State would have chosen to cross-examine appellant, and
more importantly, we do not know what that cross-examination would entail. The State may have wished
to submit its own material for appellant to read. That form of cross-examination would have been no more
testimonial than appellant's own proffer. Moreover, the State might have engaged appellant in a patently
irrelevant line of questioning to determine whether the voice characteristics exhibited in reading materials
aloud were also present in conversation. Assuming the line of questioning was truly irrelevant (e.g. the Rice
Owls' chances of beating the Texas Longhorns), then it would have no incriminating value apart from its
tendency to show appellant's voice characteristics. Of course, the State might have tried to cross-examine
appellant about the facts of the case, but we will never know. Appellant has not preserved for review his
claim of improper impeachment.

 And even if we could determine with reasonable certainty that an improper cross-examination
would have occurred, we would then be required to speculate about the question of harm. Without the
State's cross-examination before us, we cannot know how that cross-examination would have affected the
trial.

 We should follow Jackson and Luce and hold that error was not preserved. Because the Court
does not, I respectfully dissent. 

 KELLER, Presiding Judge

Date filed: October 1, 2003

Publish
1. 469 U.S. 38 (1984).
2. 992 S.W.2d 469 (Tex. Crim. App. 1999).
3. Jackson, 992 S.W.2d at 479 (citing Luce, 469 U.S. at 39-40).
4. Id. (citing Luce, 469 U.S. at 41-42).
5. Id. at 479.
6. Id.
7. Jackson, 992 S.W.2d at 479.