United States v. Michel

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
   ROSEMARY S. POOLER,
       <u>Circuit Judges</u>,
   CHRISTINA REISS,
       <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

  <u>Appellee</u>,

  -v.-          No. 13-1786

HELENE MICHEL, AKA ELAINE ALLONCE, AKA ELENE ALLONCE,

  <u>Defendant-Appellant</u>,

---

  * Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**ETIENNE ALLONCE,**

        **Defendant.**

- - - - - - - - - - - - - - - - - - - - -X

**FOR DEFENDANT-APPELLANT:**    DAVID A. BYTHEWOOD, Mineola, NY.

**FOR APPELLEE:**                CHARLES P. KELLY (David C. James, on the brief) for Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Helene Michel was convicted by a jury of health care fraud, conspiracy to commit health care fraud, and wrongful disclosure of health information, and was sentenced to, inter alia, 144 months' imprisonment. Michel claims that the district judge denied her a fair trial and substantive due process by (1) displaying bias during trial, (2) precluding Michel from adequately presenting her defense, and (3) relying on unproven facts at sentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review evidentiary rulings for abuse of discretion." United States v. Kelley, 551 F.3d 171, 174 (2d Cir. 2009). "We will find an abuse of discretion only where the trial judge ruled in an arbitrary or irrational fashion." Id. at 175 (internal quotation marks omitted).

"[T]he trial court may actively participate and give its own impressions of the evidence or question witnesses, as an aid to the jury, so long as it does not step across the line and become an advocate for one side." United States v. Filani, 74 F.3d 378, 385 (2d Cir. 1996). "In its participation at trial a district court should ask those questions necessary for such purposes as clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings." Id. at 386 (internal

2

quotation marks omitted). "In reviewing the trial transcript we must take care not to focus on isolated episodes, but to assess the trial court's inquiries in light of the record as a whole." Id.

If the defendant does not object to the district court's questioning or evidentiary rulings, we review only for plain error. See id. at 387; United States v. Simels, 654 F.3d 161, 168 (2d Cir. 2011). In conducting plain-error analysis, we consider whether there was "(1) error, (2) that is plain, and (3) that affects substantial rights." Johnson v. United States, 520 U.S. 461, 466-67 (1997) (internal quotation marks and brackets omitted). If all three conditions are met, we may then exercise "discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted).

1. Bias. Michel adduces numerous claims of the district court's bias against her. A review of the trial and sentencing transcripts, however, establishes that the district court's impartiality was never compromised.

Many of Michel's examples are trivial. The district court's request at a sidebar that counsel stop interrupting each other could hardly be labeled improper admonishment. Equally unobjectionable was the judge's statement, outside the presence of the jury and after a verdict of guilty had been returned, that defense counsel's belated objection to the admission of certain brokerage records during the forfeiture phase of the trial was "simply not fair" because it led to unnecessary delay. App. 1055-56.

The district court's comments during witness testimony were also proper, and consistent with the court's duty to "clarify[] ambiguities, correct[] misstatements, [and] obtain[] information needed to make rulings." Filani, 74 F.3d at 386 (internal quotation marks omitted). The district court did not "become an advocate" for the government. Id. at 385. To the contrary, the district court sustained defense objections when those objections were meritorious. See, e.g., App. 104.

The district court also emphasized to the jury that the court's statements should not be taken to suggest an outcome, and that the jury should draw no conclusions from

3

the court's questioning.  See App. 904-06; see also United States v. Mickens, 926 F.2d 1323, 1327-28 (2d Cir. 1991) ("Moreover, any possible prejudice to defendants-appellants was cured by the court's cautionary instruction.").

To the extent Michel challenges any of the underlying evidentiary rulings on the merits, none constitute an abuse of discretion and all are grounded in the Federal Rules of Evidence.  For example, business records can be authenticated by persons other than the custodian, see Fed. R. Evid. 803(6)(D); and the court may conditionally admit evidence subject to proof of the connecting facts, see id. 104(b).  Michel does not point to a single evidentiary ruling that was error, much less plain error suggesting bias.

2.  Preclusion of Michel's Defense.  Michel argues that the district court improperly precluded her trial defense by ruling that, if Michel took the stand to discuss her divorce from her co-defendant ex-husband, the government would be able to cross-examine her regarding their marital and business relationship and challenge her credibility. The district court did not abuse discretion by allowing cross-examination that goes to "matters affecting the witness's credibility."  Id. 611(b).

In any event, Michel's challenge to this ruling is unsustainable because she ultimately chose not to testify. See Luce v. United States, 469 U.S. 38, 41-43 (1984) ("Any possible harm flowing from a district court's in limine ruling permitting impeachment by a prior conviction is wholly speculative . . . [w]hen the defendant does not testify[.]  . . . We hold that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify.").  We "cannot assume that the adverse ruling motivated [the] defendant's decision not to testify."  Id. at 42.

3.  Sentencing.  The district court found at sentencing that Michel stole patient records from nursing homes.  Michel argues that no witness testified directly that Michel stole anything.  However, a court may use even "acquitted conduct in determining a defendant's" sentence, as long as it finds the facts at sentencing by a preponderance of the evidence.  See United States v. Vaughn, 430 F.3d 518, 521, 525-26 (2d Cir. 2005).  There was more than enough circumstantial evidence presented at trial for

4

the district court to find by a preponderance of the evidence that Michel stole patient records.

The district court also stated at sentencing that it had observed Michel throughout trial and found her to be competent and alert.  The remark runs counter to the defense's suggestion that Michel's "dissociative identity disorder" was a mitigating factor, but is consistent with the unanimous opinions of the medical experts, including one specifically appointed by the district court to monitor Michel during trial.

We have considered all of Michel's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK