**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD QUILOPRAS,

               Petitioner - Appellant,

  v.

JAMES A. YATES, Warden,

               Respondent - Appellee.

No. 10-15240

D.C. No. 5:05-cv-04516-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted June 10, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

    Richard Quilopras appeals the district court's denial of his petition for a writ

of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The California Court of Appeal determined that the trial court did not violate double jeopardy principles when it declined to apply collateral estoppel to bar Quilopras's prosecution. This determination was not contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Because the two trials did not involve the same defendant, *Ashe v. Swenson*, 397 U.S. 436 (1970), did not control. What is more, the Supreme Court has rejected the application of nonmutual collateral estoppel in criminal cases. *Standefer v. United States*, 447 U.S. 10 (1980).

The California Court of Appeal determined that the exclusion of evidence regarding James Murphy's acquittal did not deprive Quilopras of his right to confront witnesses or present a complete defense. This determination was not contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Unlike the evidence at issue in *Crane v. Kentucky*, 476 U.S. 683 (1986), and *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), which would have helped the jury evaluate the credibility of a witness, evidence of Murphy's acquittal would not have helped the jury evaluate Dennis Agan's credibility. The trial court relied on well-established state evidentiary rules to exclude this evidence. *Moses v. Payne*, 555 F.3d 742, 757–59 (9th Cir. 2009).

The State argues that Quilopras has failed to exhaust his new ineffective assistance of counsel ("IAC") claim. But AEDPA requires a petitioner to exhaust only "remedies still available at the time of the federal petition." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) (internal quotation marks omitted). Quilopras cannot return to state court to raise his new IAC claim because it would be time-barred. *In re Clark*, 855 P.2d 729, 760 (Cal. 1993). As a result, the new IAC claim is exhausted. *Franklin*, 290 F.3d at 1231. Because the State did not raise the issue of procedural default before the district court, it has forfeited the issue here. *Id.* at 1229–31. We therefore review this claim de novo. *Scott v. Ryan*, 686 F.3d 1130, 1133 (9th Cir. 2012) (per curiam), *cert. denied*, 134 S. Ct. 120 (2013).

Quilopras can show neither deficient performance nor prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Quilopras had at his disposal all of the evidence bearing on credibility that was before the jury that acquitted Murphy. The trial court's ruling merely prevented Quilopras's lawyer from arguing to the jury that a different jury in a different proceeding may have reached a certain conclusion on a shared issue. The trial court's ruling did not impede effective assistance of counsel. Accordingly, the district court properly rejected Quilopras's new IAC claim.

The California Court of Appeal decided that the admission of Agan's testimony did not violate Quilopras's due process rights. The court found that nothing in the record suggested that Agan had been coerced to do anything but tell the truth. In addition, the court found that the evolution in Agan's story was attributable to the length of time between the murder and the resolution of the crime, Agan's history of substance abuse, and the fact that Agan likely felt freer to admit the extent of his own involvement only after securing the plea bargain. This determination of the facts was not unreasonable in light of the evidence presented, 28 U.S.C. § 2254(d)(2), and the state court's decision to allow Agan's testimony was not contrary to or an unreasonable application of clearly established Supreme Court precedent, *id.* § 2254(d)(1).

The California Court of Appeal determined that the trial court did not deprive Quilopras of his right to testify on his own behalf when it ruled that the State could impeach Quilopras with his prior murder conviction. This determination was not contrary to or an unreasonable application of clearly established Supreme Court precedent. *Id*. In *Luce v. United States*, 469 U.S. 38 (1984), the Supreme Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Id*. at 43.

Quilopras did not testify at trial. As a result, he has not preserved for review his claim of improper impeachment.

**AFFIRMED.**