**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4418**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KENNETH ROBINSON, a/k/a Bear,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:11-cr-00521-JFM-1)

———————

Submitted: July 29, 2014          Decided: August 4, 2014

———————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven H. Levin, LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Brooke E. Carey, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Robinson was convicted by a jury of possessing with intent to distribute 280 grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2012). Robinson now claims error in the district court's in limine determination that, should he testify, his prior conviction for conspiracy to commit murder would likely be admissible to impeach his credibility. Robinson argues that, in light of the district court's application of the wrong balancing test, he was unconstitutionally forced to choose between exercising his right to testify and receiving a fair trial. We affirm.

First, because Robinson declined to testify, we conclude that he has forfeited the issues he raises on appeal. See Luce v. United States, 469 U.S. 38, 41-43 (1984); United States v. Lamarr, 75 F.3d 964, 970-71 (4th Cir. 1996). Lest the exception swallow the rule, we must reject Robinson's attempt to evade his forfeiture by asserting an infringement of his constitutional rights. See United States v. Gunter, 551 F.3d 472, 483-84 (6th Cir. 2009); United States v. Schrader, 10 F.3d 1345 (8th Cir. 1993). Moreover, were we to consider Robinson's claim of evidentiary error on its face, our review would be hampered by the same hurdles the Supreme Court identified in Luce. Luce, 469 U.S. at 41-42. Finally, the record belies Robinson's suggestion that the district court rendered a

2

definitive, and thus reviewable, decision on his murder conviction's admissibility.

Accordingly, we affirm Robinson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED