17-914-cr
United States v. Dominguez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee*,

    v.

ALVARADO DOMINGUEZ, AKA JOCHI,

       *Defendant-Appellant*,

MARTIN AVALO, ANDY MACCOW, CARLOS VALLEJO, AKA YAYO, KROUCHE DELEON,

       *Defendants*.

No. 17-914-cr

---

Appearing for *Appellee*:      HAGAN SCOTTEN, Assistant United States Attorney, (David W. Denton, Jr., Daniel B. Tehrani Assistant United States Attorneys, *on the brief*), for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

1

Appearing for *Appellant*:  MEREDITH S. HELLER, Law Office of Meredith S. Heller, PLLC, (Ira D. London, London & Robin, *on the brief*), New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, III, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Alvarado Dominguez appeals from a judgment of conviction entered upon a jury verdict finding him guilty of one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951, and one count of firearms possession during the Hobbs Act conspiracy and attempted robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Dominguez asserts that the district court erred in conditionally ruling that cross-examination of a cooperating government witness about the authenticity of the gun used in the conspiracy and attempted robbery would open the door for the government to introduce evidence relating to a 2006 home invasion robbery under Federal Rule of Evidence 404(b). We conclude Dominguez's failure to challenge the district court's adverse decision about the Rule 404(b) evidence, by pursuing the defense and having the evidence admitted, constitutes a waiver of any claim of error

in the court's decision. *See United States v. Ortiz*, 857 F.2d 900, 906 (2d Cir. 1988). The court ruled that it would admit evidence of Dominguez's prior participation in the 2006 home invasion robbery *if* defense counsel pursued a defense of the firearm not being real or operable, but the effect of the court's decision remained inchoate because defense counsel did not insist on making that argument, and the evidence of the previous robbery was never admitted. This Court is therefore precluded from reviewing this claim on appeal. *See id.* at 905–06. As the panel in *Ortiz* held, the proper method to "preserve a claim of error in similar circumstances is to take the position that leads to the admission of the adverse evidence, in order to bring a fully developed record to this Court. Otherwise, as in *Luce*, the reviewing court is obliged to indulge in unacceptable appellate speculation." *Id.* at 906 (citing *Luce v. United States*, 469 U.S. 38 (1984)). For the foregoing reasons, we hold that Dominguez waived any appellate claim based on the district court's conditional ruling regarding the Rule 404(b) other acts evidence.

Having considered Dominguez's double jeopardy and collateral estoppel claims, we conclude they also lack merit. Dominguez was neither prosecuted for, nor convicted of, the instant conspiracy and attempted robbery charges in the proceeding in which he pled guilty to conspiring to burglarize pharmacies before Judge Carter. Even if Judge Carter considered the conspiracy and attempt in sentencing Dominguez for the pharmacy burglaries, that consideration does not implicate double jeopardy concerns. *See Witte v. United States*, 515 U.S. 389, 398 (1995) ("[W]e specifically have rejected the claim that double jeopardy principles bar a later

3

prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime." (citing *Williams v. Oklahoma*, 358 U.S. 576 (1959))). Nor did the district court in the instant case try or punish Dominguez on any charges but the conspiracy and attempted Hobbs Act robbery and gun charges relating to the home invasion.

For the bar of collateral estoppel to apply:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986). The burden is on the defendant "to establish that the issue he seeks to foreclose from litigation in the present prosecution was necessarily decided in his favor by the prior verdict." *United States v. Citron*, 853 F.2d 1055, 1058 (2d Cir. 1988) (quoting *United States v. Cala*, 521 F.2d 605, 608 (2d Cir. 1975)). Dominguez pled guilty in the pharmacy burglaries case, and, as a result, the district court in that case never litigated any issues relating to Dominguez's participation in the instant and unrelated Hobbs Act conspiracy and attempted robbery. It is necessarily the case, therefore, that Dominguez is unable to establish that collateral estoppel should preclude his prosecution. *See United States v. Chestaro*, 197 F.3d 600, 609 (2d Cir. 1999); *Gelb*, 798 F.2d at 44.

4

Accordingly, the judgment of the district court against Dominguez is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court