Filed 10/29/20 P. v. Scott-Gibson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090170 |
| Plaintiff and Respondent, | (Super. Ct. No. 18F8448) |
| v. | |
| JEREMIAH OBEDIAH SCOTT-GIBSON, | |
| Defendant and Appellant. | |

Defendant Jeremiah Obediah Scott-Gibson appeals his conviction for corporal injury to a spouse. At trial, the trial court ruled that text messages showing defendant was attempting to dissuade a witness from testifying would be admissible to impeach defendant; however, defendant did not testify. On appeal, defendant contends the trial court infringed on various of his constitutional rights by permitting this evidence. We affirm on the basis defendant's appeal is procedurally barred because he chose not to testify.

1

## FACTUAL AND PROCEDURAL BACKGROUND

At trial, defendant's wife, S.O., testified that while they were separated, defendant asked her to come to his apartment one night. Defendant appeared intoxicated and told S.O. he had cheated on her with her friend. S.O. poured a beer on defendant's head and after initially sitting there, defendant lunged at her, started choking her, they fell to the floor, and he slammed her head on the ground. Defendant then grabbed her by the hair and shoved her out of the apartment.

Defendant's ex-wife, R.C., testified to a prior event of physical violence when she was married to defendant where defendant scratched her wrist while pulling her out of bed and then tried to break her phone.

During a break in S.O.'s testimony, the court and parties discussed admission of text messages between Conry and defendant made two weeks before trial. The text messages showed Conry told defendant she had been asked to testify. The conversation continued:

"[Defendant:] What are you gonna say? [¶] Will you talk to my lawyer first before you decide?

"[Conry:] The truth. I don't know what they'll ask. I'm sure they'll ask about what happened with us a few years ago.

"[¶] . . . [¶]

"[Defendant:] It's your call [Conry], but only testify if you want me to go to prison for a crime I didnt [*sic*] commit."

Conry told the prosecutor she understood the texts to mean defendant was asking her to not testify.

The prosecutor told the court he intended to introduce the text messages only if defendant testified because it was late discovery and he did not want to spring this on the defense. Defendant's counsel argued the messages were not relevant because defendant was not accused of a crime against Conry and they would be highly prejudicial. Counsel

2

also noted defendant's "very testimony could hinge on the admissibility of these statements" and indicated defendant would want a ruling before deciding whether to testify.

The court ruled the text messages would be admissible for impeachment if defendant chose to testify. The court found the text message stating "only testify if you want me to go to prison for a crime I didnt [*sic*] commit" highly relevant with respect "to motivation, [it] is relevant to show possible guilt. And, [defense counsel], certainly something that you could try to have [defendant] explain with respect to the part where he says it's a 'crime I didn't commit.' He certainly could explain what he meant by this, but there's a very strong inference that he's attempting to manipulate the witness and dissuade her from coming in to testify. I do think that's relevant." The court therefore ruled, under Evidence Code section 352, the probative value outweighed any risk of prejudice because it "goes directly to [defendant's] credibility and would be allowed to impeach him, so I would allow that exhibit to come into evidence."

The court reminded defendant he had an absolute right to testify and defendant acknowledged he understood. The court also went into recess to allow defendant to discuss with his attorney whether to testify. When the court returned, defense counsel requested 10 or 15 minutes more to further discuss the impact of the court's ruling, and the court went into recess again. Defendant ultimately decided to not testify.

The jury found defendant guilty of corporal injury to a spouse, the sole charged count. The court suspended imposition of sentencing and granted defendant three years' probation.

## DISCUSSION

Defendant argues the court improperly permitted the admission of the text messages. Though he concedes "the court did not openly advise [him] to refrain from testifying, the court's findings made it abundantly clear that such would not be beneficial to [him]." This "threat" impaired his constitutional right to testify and prepare a

3

complete defense. Because defendant failed to testify, we conclude he has not preserved his contention for review and his challenge is procedurally barred.

The defendant must testify at trial to preserve a challenge to the trial court's ruling allowing impeachment by prior convictions. (*People v. Sanghera* (2016) 6 Cal.App.5th 365, 370, citing *Luce v. United States* (1984) 469 U.S. 38, 43, [83 L.Ed.2d 443, 448)]; see *People v. Collins* (1986) 42 Cal.3d 378, 383-388.) This procedural rule applies not only to prior convictions, but also to prior misconduct impeachment evidence. (*People v. Sims* (1993) 5 Cal.4th 405, 453-456.)

The rationale for this procedural bar is because, without a defendant's testimony: (1) a trial court cannot properly perform the balancing of probative value and prejudicial effect without knowing the precise nature of the defendant's testimony; (2) any harm from the ruling is " ' "wholly speculative" ' " because the court may change its ruling and the prosecutor may not use the prior conviction to impeach; and (3) an appellate court cannot review the trial court's balancing process " 'unless the record discloses "*the precise nature of the defendant's testimony*." ' " (*People v. Sanghera, supra*, 6 Cal.App.5th at p. 372.) This rationale is similarly applicable here. Though the text messages are not evidence of a conviction, they are evidence of past misconduct intended to impeach defendant if he testified. The probative value and prejudicial effect were dependent on the testimony being impeached. And defendant's choice not to testify renders impossible our review of the trial court's ruling. Thus, without a defendant's trial testimony, the record is incomplete for reviewing the trial court's balancing analysis, so any harm is wholly speculative. (*Id*. at p. 373.)

Defendant attempts to evade the applicability of this rule by claiming that the court's tentative ruling "virtually assured" that defendant would not testify and was essentially a threat that precluded him from presenting a complete defense. This court has previously rejected such a claim: "[A]ny harm from the trial court's ruling is ' "wholly speculative" ' since the trial court may change its ruling as the evidence is

4

adduced and the prosecutor may decide not to use the prior conviction to impeach."
(*People v. Sanghera*, *supra*, 6 Cal.App.5th at p. 372.)  We likewise reject defendant's
claim.

DISPOSITION

The judgment is affirmed.

/s/

Robie, J.

We concur:

/s/

Blease, Acting P. J.

/s/

Murray, J.