NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2033
_____

UNITED STATES OF AMERICA

v.

RAYMOND PETWAY,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cr-00534-001)
District Judge: Honorable Kevin McNulty

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
April 11, 2024

_____

Before: CHAGARES, *Chief Judge*, PORTER and SCIRICA,
*Circuit Judges*.

(Filed: April 12, 2024)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Raymond Petway appeals the District Court's judgment in his criminal case, arguing that it committed certain evidentiary errors prior to and during trial. For the reasons that follow, we will affirm.

I

In September 2017, Officer Joemy Fernandez arrested Petway for selling heroin. While at the police station, Officer Fernandez instructed Petway to remove his large, high-top sneakers. As Petway partially removed one of his sneakers, Officer Fernandez observed a pistol. Officer Fernandez quickly retrieved the pistol and reported the incident.

The government charged Petway with possession of heroin with intent to distribute, unlawful possession of a firearm by felon, and unlawful possession of a firearm in furtherance of a drug-trafficking crime. Before trial, the government filed a motion in limine requesting to use Petway's prior convictions for theft and drug-related offenses in order to impeach him if he sought to testify. The District Court granted the motion in part, holding that, if Petway chose to testify, the government could impeach him with some of those convictions but could not specify that he was convicted of drug-related offenses.

During trial, Petway chose not to testify. But the jury heard testimony from Officer Fernandez, who testified at length about how he found the pistol. The next day, Petway asked the District Court to recall Officer Fernandez as a witness so Officer Fernandez could insert the pistol into Petway's sneaker "in the manner in which he

2

recalls seeing it." App. 755. Petway's theory was that it was impossible for the pistol and his foot to simultaneously fit inside his sneaker, so Officer Fernandez must have planted the pistol. The District Court denied Petway's request under Federal Rule of Evidence 403. But it allowed Petway's lawyer to put the pistol in the sneaker, wear it, and "show [the jury] how much room is left." App. 772. The jury ultimately returned guilty verdicts on all three counts. Petway appealed.

## II[1]

Petway argues that the District Court erred in (1) granting the government's pre-trial motion in limine to use his prior convictions as impeachment evidence if he testified, and (2) declining to recall Officer Fernandez as a witness to insert the pistol into the sneaker. Each argument falls short.

## A

While we would generally review the District Court's motion-in-limine ruling for abuse of discretion, *United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002), Petway did not preserve the ruling for review on appeal. A criminal defendant may be impeached with a prior felony conviction from the past ten years if the district court determines that "the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B); *see also United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007) (outlining factors courts may consider in making that determination). However, in order "to raise and preserve" an appeal on a Rule 609 determination, "a defendant must

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

testify." *Luce v. United States*, 469 U.S. 38, 43 (1984); *see also United States v. Rosario*, 118 F.3d 160, 162 n.6 (3d Cir. 1997).

Here, Petway chose not to testify. While he claims that he would have testified but for the District Court's motion-in-limine ruling, "[we] cannot assume that the adverse ruling motivated [Petway's] decision not to testify." *Luce*, 469 U.S. at 42; *see also United States v. Moskovits*, 86 F.3d 1303, 1305 (3d Cir. 1996). Accordingly, Petway failed to preserve an appeal on his Rule 609 claim.

B

We review the District Court's decision declining to recall Officer Fernandez to insert the pistol into the sneaker for abuse of discretion. *United States v. Somers*, 496 F.2d 723, 734 (3d Cir. 1974); *Gov't of Virgin Islands v. Lanclos*, 477 F.2d 603, 607 (3d Cir. 1973). The District Court abused its discretion only if its decision was "arbitrary, fanciful, or clearly unreasonable," such that "no reasonable person would adopt [its] view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) (internal quotation marks and quoted source omitted).

"A determination as to whether or not a witness should be recalled for further cross-examination is a matter for the discretion of the [d]istrict [c]ourt." *Somers*, 496 F.2d at 734. Similarly, a district court has "considerable discretion" in determining whether to permit a witness to present an in-court demonstration before the jury. *Lanclos*, 477 F.2d at 607. A district court may exclude relevant evidence—including an in-court demonstration—"if its probative value is substantially outweighed by [the] danger of . . . misleading the jury . . . or presenting needlessly cumulative evidence." Fed. R. Evid. 403.

4

The District Court did not abuse its discretion in declining to recall Officer Fernandez to insert the pistol into the sneaker. Petway's only stated purpose for the demonstration was to show that the pistol could not fit while Petway wore the sneaker. But Officer Fernandez had limited knowledge of how the pistol fit inside the sneaker because he did not see the pistol until after Petway partially removed his sneaker. So the District Court had reason to conclude that his demonstration would have had little probative value and might mislead the jury about his recollection of events. *See Lanclos*, 477 F.2d at 607 (declining to allow an in-court demonstration because it would not be a proper reconstruction of events and thus may mislead the jury). In addition, Officer Fernandez already testified at length about the pistol and sneaker, and Petway thoroughly cross examined him. So the District Court had reason to conclude that the demonstration could be needlessly cumulative. *See Bronshtein v. Horn*, 404 F.3d 700, 729 (3d Cir. 2005) (declining to admit proposed testimony because it would have been "largely cumulative" of prior testimony). Accordingly, the District Court was not clearly unreasonable in finding that the probative value of Officer Fernandez's demonstration was substantially outweighed by multiple Rule 403 risks.

\*     \*     \*

We do not review the District Court's motion-in-limine ruling because Petway did not preserve it for appeal. And we conclude that the District Court did not abuse its discretion in declining to recall Officer Fernandez to perform an in-court demonstration. We will therefore affirm the District Court's judgment.

5