MEMORANDUM *
1. The district court erred by granting summary judgment in favor of defendants on Gary Willis’ Fourth Amendment claim for the warrantless search of his briefcase. As of March 27, 1996, the date of the briefcase search, this circuit’s case law concerning third-party consent was settled. Although the Supreme Court’s decision in United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), did not consider the effectiveness of a third party’s consent when (1) the third party’s joint access to the property is narrowly prescribed, (2) the objecting party is physically present at the time the third party gave consent, and (3) the objecting party actively opposed the search, this circuit did consider the effect of such factual circumstances, in United States v. Impink, 728 F.2d 1228 (9th Cir. 1984). There, we held that when “a suspect is present and objecting to a search, implied consent by a third party with an inferior privacy interest is ineffective.” Id. at 1234.
Under Impink, a reasonable jury could conclude that Kathleen Moye’s consent was ineffective, and that defendants’ subsequent search of Willis’ briefcase violated clearly established Fourth Amendment law. Considering the evidence in the light most favorable to Willis, a reasonable jury could conclude that Willis had superior access to the briefcase. See id. at 1233. Despite telling defendants that she had placed drug paraphernalia in Willis’ briefcase, and responding “I guess so” when asked if Officer Silvius could retrieve the paraphernalia, Moye did not provide defendants with the combination to unlock the briefcase. Willis, however, knew the combination and refused to provide it to defendants when asked. In addition to Moye’s limited access, a reasonable jury could also conclude that Willis was physically present at the time Moye gave consent, and that he actively opposed the search of his briefcase. See id. at 1233-34. *854 Because a reasonable jury could determine that Willis was present at the time of the search, actively opposed the search, and had superior.control over the briefcase, we are bound by Impink to reverse the district court’s order granting summary judgment to defendants on this claim.
2. The district court properly granted summary judgment to defendants on Willis’ malicious prosecution claim. To prevail on this claim, Willis must show not only that his underlying criminal conviction was overturned, but also that the basis on which the conviction was overturned reflects Willis’ innocence of the underlying charges. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004); Siebel v. Mittlesteadt, 41 Cal.4th 735, 62 Cal. Rptr.3d 155, 161 P.3d 527, 530-31 (2007). In People v. Willis, 28 Cal.4th 22, 120 Cal.Rptr.2d 105, 46 P.3d 898, 902-17 (2002), however, the California Supreme Court overturned Willis’ conviction by holding that defendants’ initial entry into Willis’ motel room was an unreasonable search, and that the contraband found inside his briefcase was inadmissible under the “fruit of the poisonous tree” doctrine. Because the basis of the California Supreme Court’s decision did not reflect Willis’ innocence of the charges, Willis cannot prevail on his malicious prosecution claim. See Siebel, 62 Cal.Rptr.3d 155, 161 P.3d at 531. Accordingly, we do not reach Willis’ arguments regarding causation and compensatory damages with respect to this claim.
3. The district court did not abuse its discretion in ruling on evidentiary issues. Willis’ prior sex-offender convictions were properly excluded before trial, and to the extent the district court left the door open to their admission at a later time, Willis suffered no harm as a result of the court’s ruling because he did not testify at trial. Any alleged prejudice that Willis would have suffered had he testified is speculative at best. See Luce v. United States, 469 U.S. 38, 41-43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The district court properly held that Willis’ 2010 felony conviction for escaping from custody was admissible for impeachment purposes under Federal Rule of Evidence 609(a)(1)(A).
4. The California Supreme Court’s decision in People v. Willis does not preclude defendants from seeking qualified immunity in this case. The issue of the officers’ individual objective reasonableness for purposes of qualified immunity was not “necessarily decided” by the California Supreme Court, which found a lack of good faith reliance under a California rule that imputes collective law enforcement knowledge to all officers. 120 Cal.Rptr.2d 105, 46 P.3d at 913-17; see Lombardi v. City of El Cajon, 117 F.3d 1117, 1121 (9th Cir. 1997). Therefore, the doctrine of issue preclusion does not apply. Lombardi, 117 F.3d at 1121. Further, any error in excluding as irrelevant the decision in People v. Willis was harmless. See Sloman v. Tadlock, 21 F.3d 1462, 1471 (9th Cir. 1994).
5. The district court did not err when it used the phrase “good faith” in the qualified immunity jury instruction at trial. See Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). Despite Willis’ contention that the phrase “good faith” invalidates the instruction on the ground that it asks the jury to assess the defendants’ subjective beliefs, this circuit has used the same language in other qualified immunity cases. See Espinosa v. City and County of San Francisco, 598 F.3d 528, 535 (9th Cir. 2010). The instructions elsewliere made clear that the inquiry turned on the objective reasonableness of defendants’ actions. Moreover, this court’s earlier memorandum disposition on interlocutory appeal does not conflict with *855 the qualified immunity jury instruction given at trial.
6. Likewise, the court’s jury instruction stating that “[t]he presence of errors in a document does not automatically deprive a defendant, who relied on that document, of qualified immunity” was not erroneous. Law enforcement officers are not deprived of qualified immunity merely because they made a mistake of fact, as long as that mistake was reasonable. See Espinosa, 598 F.3d at 535. This jury instruction, read with the rest of the court’s jury instructions, adequately conveyed the law regarding the objective reasonableness of the defendants’ actions, including the reasonableness of relying on an erroneous parole roster.
7. Because we affirm the jury’s verdict that the defendants are not liable for the initial unlawful entry into the motel room, Willis’ argument that the district court erred in excluding evidence regarding the extent of damages for that entry is moot.
8. Appellees’ May 13, 2016, motion to strike appellant’s supplemental Rule 28(j) letters is GRANTED.
AFFIRMED in part, REVERSED in part, and REMANDED.
The parties shall bear their own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.