K. MICHAEL MOORE, CHIEF UNITED STATES DISTRICT JUDGE
This cause came before the Court upon several motions filed by Plaintiffs Lydia Acevedo, Jose Santiago, and Daniel Santiago Acevedo ("Plaintiffs") and NCL (Bahamas) LTD. ("Defendant" or "Norwegian") (collectively, the "Parties"). Defendant filed an omnibus motion in limine (ECF No. 62)[1] and a motion to strike Plaintiffs' experts (ECF No. 76).[2] Plaintiffs filed a motion to strike testimony and reports of expert witnesses (ECF No. 63)[3] and a *1192 consolidated motion in limine (ECF No. 64).[4] These motions are now ripe for review.
I. BACKGROUND
On November 22, 2015, Plaintiffs Lydia Acevedo and Daniel Santiago were passengers aboard Defendant's cruise ship, the Sky . See Complaint (ECF No. 1) at ¶¶ 9-10. Ms. Acevedo and her son Daniel were injured during tendering operations. Id. at ¶¶ 22, 37. A tender boat is a smaller boat that is used to transport cruise passengers to and from the cruise ship and shore. Id. at ¶ 14. Here, Plaintiffs were on a ramp between the tender boat and the Sky when a large wave crashed into the ramp. Id. at 37. Daniel Acevedo hit his head on the top of the Sky's opening and Lydia Acevedo fell back into the tender boat. Id.
On November 11, 2016, Plaintiffs filed a two-count complaint against Defendant alleging negligence. See Complaint (ECF No. 1).
II. MOTIONS IN LIMINE (ECF Nos. 62, 64)
A. Applicable Law
A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States , 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Motions in limine are generally disfavored. See United States v. Amor , No. 14-20750-CR-Lenard/Goodman, 2015 WL 6438479, at *1 (S.D. Fla. Oct. 23, 2015). Evidence is excluded upon a motion in limine "only if the evidence is clearly inadmissible for any purpose." Stewart v. Hooters of Am., Inc. , No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007).
B. Defendant's Omnibus Motion in Limine
Defendant moves to preclude Plaintiffs from introducing certain evidence at trial because, Defendant argues, it is irrelevant, improper, unduly prejudicial, or will mislead the jury. Specifically, Defendant seeks to exclude: (1) evidence of medical expenses billed as a result of the incident; (2) evidence of the Parties' financial resources; (3) comments from Plaintiffs' counsel regarding personal knowledge or justness of cause; (4) specific comments to the jury; (5) evidence of prior incidents; and (6) certain hearsay statements.
Plaintiffs do not oppose the exclusion of evidence regarding the Parties' financial resources, counsel's statements regarding personal knowledge or justness of cause, and specific comments to the jury regarding that it should "send a message" to Defendant. Accordingly, Defendant's omnibus motion is granted with respect to these three incorporated motions.
1. Evidence of Medical Expenses
Defendant moves to exclude evidence of the full amount of the medical expenses billed as a result of the incident and argues that it is improper to introduce the medical bills that represent the total amount billed rather than the amount that was actually accepted as payment in full satisfaction of the bills. Plaintiffs argue in opposition that the collateral source rule precludes Defendant's argument.
Defendant's argument on this point focuses on what Plaintiffs would be entitled to recoup-not the admissibility of the full amount of medical expenses billed. Because Defendant does not put forth a valid argument as to why the evidence should *1193 not be admitted, Defendant's motion to exclude evidence of the full amount of medical expenses billed is denied. See Jones v. Royal Caribbean Cruises, Ltd. , No. 12-20322-CIV, 2013 WL 8695361, *8 (S.D. Fla. Apr. 4, 2013) (denying defendant's motion to limit plaintiff's past medical expenses to net amount paid but noting that it would be subject to an appropriate post-trial set-off if damages are awarded at trial).
2. Evidence of Prior Incidents
Defendant moves to exclude evidence of twelve prior incidents because none of the prior incidents are "substantially similar" to the incident here. Plaintiffs oppose and argue that each prior incident is related in one fashion or another.
"Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc. , 915 F.2d 641, 650 (11th Cir. 1990). However, in order for evidence of prior incidents to be admissible, the Court of Appeals for the Eleventh Circuit requires that (1) "conditions substantially similar to the occurrence in question must have caused the prior accident" and (2) "the prior accident must not have occurred too remote in time." Jones v. Otis Elevator Co. , 861 F.2d 655, 661-62 (11th Cir. 1998). Further, the evidence must be more probative than prejudicial. Whelan v. Royal Caribbean Cruises Ltd. , 2013 WL 5583966, **2 (S.D. Fla. Aug. 16, 2013). "Substantial similarity" "does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." Sorrels v. NCL (Bahamas) Ltd. , 796 F.3d 1275, 1287 (11th Cir. 2015). The purpose of this doctrine is to "protect[ ] parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." Tran v. Toyota Motor Corp. , 420 F.3d 1310, 1316 (11th Cir. 2005).
Plaintiffs' alleged injuries were sustained while they were on a ramp between a tender boat and the cruise ship during rough seas. Several of the prior incidents that Plaintiffs seek to introduce took place while aboard a tender boat-not on a ramp. These prior incidents, relating to injuries sustained by Sean Haymes, Margie Patricia Gomez, Patricia Painter, Caroline Laverty, and David Medina, are not sufficiently similar and are therefore excluded from being presented at trial.
The Court finds that the prior incident involving Francis Joyce Rose is substantially similar. Ms. Rose was a passenger who lost her footing and fell when a ramp moved while she was disembarking a tender boat to go ashore. Ms. Rose reported that the ramp moved due to a sea swell. Evidence of this prior incident is admissible.
The prior incident involving Iwan Hermawan is not substantially similar. Mr. Hermawan flipped over the railing of a tender boat during tender operations when a swell hit the tender boat. As noted above, incidents that occurred on tender boats are not substantially similar to the facts here. Further, Mr. Hermawan was a crew member and not in a similar position as the Plaintiffs here. Evidence of Mr. Hermawan's prior incident is inadmissible.
The prior incidents involving passengers Amanda Yuelling, Caroline Laverty, Jo Ann Croteau, and Jennifer Ojascastro, *1194 are not substantially similar. Although these incidents-each of which can be categorized as a "slip and fall"-occurred on ramps, there is no reason to believe that any of these incidents were the result of poor weather. Admission of evidence regarding these incidents would be more prejudicial than probative and these incidents are accordingly excluded.
Finally, the prior incident involved Qungwen Shen is not substantially similar. Ms. Shen was a passenger who caught her toe between the tender and the gangway while disembarking a tender boat to return to the cruise ship. The facts do not indicate inclement weather or anything akin to what Plaintiffs allege here.
Accordingly, Defendant's motion to exclude evidence of the prior incident regarding Ms. Rose is denied. The motion to exclude evidence of prior incidents is granted in all other respects.
3. Hearsay Statements
Defendant also moves to exclude Plaintiff Lydia Acevedo's testimony that an unknown person alleged to be a crew member commented to her that the weather and water conditions were bad at the time of the incident. Defendant argues that the statement in question is inadmissible hearsay and does not fall under any hearsay exception.
Rule 801(d)(2)(D) of the Federal Rules of Evidence provides that a statement is not hearsay if "offered against a party and is 'statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.' " Wilkinson v. Carnival Cruise Lines, Inc. , 920 F.2d 1560, 1565 (11th Cir. 1991) (citing Fed. R. Evid. 801(d)(2)(D) ). It is the burden of the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the individual's scope of employment. Id. at 1566-67.
Here, Plaintiffs assert that the conversation that Ms. Acevedo intends to testify about is admissible because "[t]he conversation was not a social conversation, but rather a conversation within the scope of the crew's job description of assisting and keeping passengers safe aboard the tender vessel." It may certainly be the case that this alleged testimony of a crew member aboard the tender boat is within the scope of that crew member's employment but the Court has no basis to support such a conclusion.
Accordingly, the motion to exclude this testimony is granted without prejudice.
C. Plaintiffs' Consolidated Motion in Limine
Plaintiffs filed a Consolidated Motion in Limine. Therein, Plaintiffs seek to exclude evidence regarding collateral source payments and evidence of the absence or prior reported incidents. Plaintiffs also argue that income taxes should not be deducted from any award.
1. Collateral Source Payments
Plaintiffs seek to preclude Defendant from introducing evidence of collateral source payments. In opposition, Defendant argues that it is improper to introduce medical bills which represent the total amount billed rather than the total amount billed rather than the amount actually accepted as payment in full satisfaction of the bills.
"The collateral source rule is a traditional maritime common law principle that bars a tortfeasor 'from mitigating damages by setting off compensation received by the employee from an independent source.' "
*1195 Holderbaum v. Carnival Corp. , No. 13-24216-CIV-Lenard/Goodman, 2015 WL 12085846, *2 (S.D. Fla. Mar. 4, 2015) (quoting Bourque v. Diamond M. Drilling Co. , 623 F.2d 351, 354 (5th Cir. 1980) ). The collateral source rule "bars both evidence directly bearing on damages and evidence which might be considered by the jury in assessing damages." Id.
The Court has already denied Defendant's motion to preclude evidence of Plaintiffs' full medical bills. Defendant's response harps on the amount Plaintiffs would be entitled to recover in the event of a favorable verdict, not on the admissibility of such evidence. Because the collateral source rule precludes introduction of such evidence, Plaintiffs' motion to preclude Defendant from introducing evidence of collateral source payments is granted.
2. Absence of Prior Reported Incidents
Plaintiffs move to exclude evidence of the absence of reported accidents. Defendant argues that Plaintiffs do so in an attempt to improperly shift the burden of proof in admiralty cases.
Rule 402 of the Federal Rules of Evidence provides that all evidence is admissible if it is relevant. Fed. R. Evid. 402. However, the court may exclude evidence if the probative value is substantially outweighed by the potential of unfair prejudice. Diczok v. Celebrity Cruises, Inc. , No. 16-21011-CIV-Seitz/Turnoff, 2017 WL 3206327, *2 (S.D. Fla. July 26, 2017) (taking under advisement defendant's motion to introduce evidence on the absence of similar incidents prior to plaintiff's fall because, at that point, defendant had not laid a substantial foundation to allow such evidence). "Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." Id. (internal citations omitted). But in order to be admissible, the party seeking to introduce the evidence "must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." Holderbaum v. Carnival Corp. , 2015 WL 12085846, *3 (S.D. Fla. Mar. 4, 2015) (citing Pittman v. Littlefield , 438 F.2d 659, 662) (1st Cir. 1971) ).
Here, Defendant has not established a sufficient foundation to allow evidence on the absence of similar incidents. The motion is granted but the Court notes that Defendant may move for reconsideration if it proffers the requisite information to lay such a foundation.
3. Income Taxes
Plaintiffs argue that income taxes should not be deducted from awards of past and future income or loss. In response, Defendant states that it is unable to properly address the argument because Plaintiffs fail to point to testimony that they seek to exclude regarding the issue of income tax.
The Court is not able to discern what evidence Plaintiffs seek to exclude from the face of the motion. Accordingly, the motion is denied without prejudice.
III. MOTIONS TO STRIKE (ECF Nos. 63, 76)
A. Applicable Law
Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that expert disclosures be accompanied by a written report, signed by the witness, containing a complete statement of all opinions the witness will express and the bases for those opinions. Fed. R. Civ. P. 26(a)(2)(A), (B).
Rule 702 of the Federal Rules of Evidence provides that expert testimony is admissible if:
Scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto *1196 in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
F.R.E. 702. " Rule 702 compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert scientific evidence." U.S. v. Frazier , 387 F.3d 1244, 1260 (11th Cir. 2004) (emphasis in original) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc. , 509 U.S. 579, 589, n.7, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (2006) ). The court must also act as gatekeeper with respect to the admissibility of technical expert evidence. Kumho Tire Co. v. Carmichael , 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).
In determining the admissibility of expert testimony under Rule 702, the Court considers whether:
(1) The expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert ; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand he evidence or to determine a fact in issue.
Finestone v. Florida Power & Light Co., No. 03-14040-CIV, 2006 WL 267330, *8 (S.D. Fla. Jan. 6, 2006) (internal citations omitted).
B. Plaintiffs' Motion to Strike
Plaintiffs move to strike the testimony and reports of Defendant's experts, Dr. Jeffrey Gelblum, Dr. Kristjan Olaffson, and Robert Camuccio.
1. Dr. Jeffrey Gelblum
Plaintiffs move to strike Dr. Gelblum's report because they allege that: (1) Dr. Gelblum is not qualified to offer psychiatric or psychological opinions and offers improper testimony and (2) that the report lacks methodology, is not reliable, and does not clearly address issues before the Court, and (3) that the report is unsigned and therefore not in compliance with Rule 26.
Dr. Gelblum is a neurologist certified by the American Board of Psychiatry and Neurology. In the report, Dr. Gelblum opines on Plaintiff Daniel Acevedo's neurologic state after conducting a neurological examination and reviewing Daniel Acevedo's medical records. Dr. Gelblum also conducted a depression screening, and the result was positive. Plaintiffs specifically take issue with Dr. Gelblum's "depression screening" and additional finding that Daniel Acevedo suffers from "psychiatric pseudo-seizures" and the references in the report to Plaintiffs' financial incentives.
Following a thorough review of the report, the Court finds that Dr. Gelblum is qualified to testify regarding the matters contained in the report, that the methodology was sound, and that it will assist the jury to determine facts at issue. However, any references to Plaintiffs' financial incentives are improper and not properly within the scope of Dr. Gelblum's expertise and are hereby stricken.[5] Finally, *1197 the fact that the report is signed electronically is not a basis for striking the report. See Hermosilla v. Coca-Cola Co. , No. 10-21418-CIV, 2011 WL 9364952, *5-6 (S.D. Fla. July 15, 2011) (recognizing the validity of electronic signatures).
2. Dr. Kristjan Olaffson
Plaintiffs move to strike Dr. Kristjan Olaffson's report because, they argue, it is unsigned and therefore in violation of Rule 26(a)(2)(B). Because Dr. Olaffson's report contains an electronic signature, Plaintiffs' motion to strike the report is denied. See Dr. Olaffson's Report (ECF No. 63-1) at 10.
3. Dr. Robert Camuccio
Plaintiffs also seek to exclude Robert Camuccio's testimony and report because they argue that Mr. Camuccio's methodology is not described adequately, nor does the report provide any technical or specialized knowledge.
Mr. Camuccio is a retired U.S. Coast Guard Officer who submitted a report regarding tender boat operations. Mr. Camuccio visited and inspected the Sky while the ship was transporting passengers to and from two tender boats that were used on the day of the accident. Mr. Camuccio observed personnel aboard the Sky and opined that they were performing their normal duties and responsibilities required during tender boat operations. Mr. Camuccio's report states that "[t]he tendering procedures [he] witnessed were carried out to industry standards."
As noted above, the Court looks to the expert's qualifications, the reliability of the testimony, and the extent to which the testimony will aid the trier of fact. Sorrels , 796 F.3d at 1275. Plaintiffs do not challenge Mr. Camuccio's qualifications. It is also clear from the record that expert testimony regarding tender boat operations would be helpful to the trier of fact. Thus, the issue before the Court is Mr. Camuccio's methodology. Plaintiffs contend that Mr. Camuccio's conclusion regarding industry standards is the equivalent of lay testimony and that Mr. Camuccio fails to prove his methodology.
Based upon a review of the report and Mr. Camuccio's observations which provide the basis for his conclusions, the report and testimony on the issues contained therein are admissible. As the Court of Appeals for the Eleventh Circuit has stated, "[a]ny weaknesses in the factual underpinnings of [the expert's] opinion go to the weight and credibility of his testimony, not to its admissibility." Sorrels , 796 F.3d at 1285 (quoting Hurst v. United States , 882 F.2d 306, 311 (8th Cir. 1989). "Cross-examination and the presentation of contrary evidence 'are the traditional and appropriate means of attacking shaky but admissible evidence.' " Id. (quoting Daubert , 509 U.S. at 596, 113 S.Ct. 2786 ).
Accordingly, the testimony of Defendant's expert Mr. Camuccio is admissible.
C. Defendant's Motion to Strike
Defendant moves to strike Plaintiffs' experts Dr. Sally Kolitz Russell and Dr. Kester Nedd for failing to comply with Rule 26's disclosure requirements. On July 18, 2017, Plaintiffs timely noticed Defendant that they would be serving reports and a summary of the opinions of Dr. Russell and Dr. Nedd. See Notice of Serving Summaries and Reports Pursuant to and in Compliance with Fed. R. Civ. P. 26(a)(2) ("Notice") (ECF No. 76-1) at 1-2. The Notice provides a list of topics that each expert intends to testify about. Id. These topics include past medical/psychological expenses, the present value of future medical expenses, and the present value of future psychological treatment. Defendant moves to strike the reports because the *1198 disclosures fail to provide any actual opinion, facts, or insight regarding the cost or present value of past and future medical treatment and care. In opposition, Plaintiffs argue that the reports inadvertently omit opinions regarding future medical care[6] but that this was not prejudicial because Defendant was on notice of the topics the experts intend to testify about.
"[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Reese v. Herbert , 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotations omitted).
Defendant cites to Kondragunta v. Ace Doran Hauling & Rigging Co. in support of the motion to strike. In Kondragunta , the Court addressed plaintiff's non-compliance with Rule 26(a)(2)(C) on a motion for summary judgment. No. 1:11-cv-01094-JEC, 2013 WL 1189493, *6-*7 (N.D. Ga. Mar. 21, 2013). The court found that despite plaintiff's disclosure of the names of the treating physicians and the subject matter upon which the experts would be testifying, the failure to provide a summary of the facts and the opinions on which the expert was expected to testify was in violation of Rule 26(a)(2)(C)(ii). The court then addressed whether plaintiff's noncompliant disclosure created a harm that cannot be cured. Id. at *8. The court noted that "[m]ost courts that have dealt with this same question in similar situations have answered 'No,' and instead permitted the noncompliant party another opportunity to provide a compliant report, after which the moving party is then permitted to depose the witness." Id.
Here, Plaintiffs provided a bullet point list in the Notice but failed to summarize or provide any information regarding the opinions of the experts with respect to the topic of costs of past and future medical care. See Kondragunta v. Ace Doran Hauling & Rigging Co. , (a party's failure to comply with Rule 26(a)(2). In Plaintiffs' response in opposition, Plaintiffs informed the Court that they would move to amend their expert witness disclosures to include opinions as to the Plaintiffs' future medical care and costs of future medical care by September 5, 2017. On September 14, 2017, Plaintiffs moved for leave to reopen expert witness discovery. See (ECF No. 83). On September 15, 2017, Plaintiffs withdrew the motion. (ECF No. 84). Plaintiffs have thus indicated through their response to the motion to strike, motion to amend, and subsequent withdrawal of the motion to amend, that they will not be amending the expert reports to include information regarding past and future medical costs.
Despite the withdrawal of the motion to amend, the Court permits Plaintiffs a brief opportunity to amend the disclosures and cure the deficiencies regarding past and future medical care costs in compliance with Rule 26. Plaintiffs shall cure the deficiencies, to the extent they desire to proffer the testimony of Dr. Russell and Dr. Nedd on the subject of past and future medical care costs, no later than October 12, 2017.
The Court reserves ruling on Defendant's motion to strike.
IV. CONCLUSION
Upon consideration of the motions, the pertinent portions of the record, being fully *1199 advised in the premises, and for the foregoing reasons, it is hereby ORDERED AND ADJUDGED that:
1. Defendant's omnibus motion in limine (ECF No. 62) is GRANTED IN PART and DENIED IN PART.
2. The Court reserves ruling upon Defendant's motion to strike Plaintiffs' experts (ECF No. 76).
3. Plaintiffs' motion to strike testimony and report of expert witnesses (ECF No. 63) is GRANTED IN PART and DENIED IN PART.
4. Plaintiffs' consolidated motion in limine (ECF No. 64) is GRANTED IN PART and DENIED IN PART.
DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of October, 2017.

Plaintiffs filed a response (ECF No. 72) and Defendant replied (ECF No. 75).

Plaintiffs filed a response (ECF No. 80) and Defendant replied (ECF No. 96).

Defendant filed a response (ECF No. 70) and Plaintiffs replied (ECF No. 78).

Defendant filed a response (ECF No. 71).

The Court notes that Dr. Gelblum's opinion regarding Daniel Acevedo's psychiatric pseudo seizures is based upon personal observations regarding a family member's conversation with counsel during Daniel Acevedo's examination as well as Dr. Gelblum's examination of Daniel Acevedo. To the extent this opinion relies upon Dr. Gelblum's examination, this opinion is not stricken.

Defendant clarifies in the reply to the motion to strike that Plaintiffs failed to provide any discussion or specific opinions regarding the cost or present value of both Plaintiffs' past and future medical treatment and care. Plaintiffs' response only addressed the omission of an opinion as to the cost of future medical care.