In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1403

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAMAR TUCKER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cr-00147-1 — **Sharon Johnson Coleman**, *Judge.*

ARGUED NOVEMBER 4, 2013 — DECIDED DECEMBER 11, 2013

Before EASTERBROOK, KANNE, and TINDER, *Circuit Judges*.

KANNE, *Circuit Judge.* Police officers found a Sears Roebuck rifle under a mattress in an apartment leased by Lamar Tucker's mother. Tucker was convicted of possessing a firearm after having been convicted of a crime punishable by a prison term of at least a year. He now appeals, arguing the evidence was insufficient to establish that he constructively possessed the rifle, and that he was denied a fair trial because the district

court indicated it would admit evidence of his six prior felonies if he chose to testify. Neither claim is valid.

## I. BACKGROUND

On May 21, 2010, Chicago police officers obtained a warrant authorizing the search of 2950 West Harrison Street, Apartment 502. When they began searching the two-bedroom apartment, Tucker was not there, but his mother, Vanessa Tucker, and his niece, Tequillia Williams were. During the search, Officer Jason Edwards found a Sears Roebuck rifle under the mattress of a bunk bed in one of the bedrooms. Officer Edwards also recovered several documents bearing Tucker's name from under the bed. These documents included a letter from the IRS addressed to Tucker at 2950 West Harrison Street. In searching the apartment, officers also found $237 cash in the refrigerator, eight clear baggies of heroin inside a potato chip bag, as well as ammunition.

During the search, another officer apprehended Tucker a few blocks away. The officer detained Tucker and notified the searching officers. During a post-arrest interview, Officer Fred Caruso told Tucker that the officers had found a gun under Tucker's bed.[1] Tucker responded that the rifle was not his and that he was holding it for someone else. Tucker was charged with possessing a firearm after having been convicted of a crime punishable by a term of imprisonment longer than a year, in violation of 18 U.S.C. § 922(g)(1).

---

[1] Officer Caruso testified about the interview at trial. Tucker himself did not testify.

At trial, Tucker argued that he did not have a substantial connection to the apartment where the rifle was found and that the officers fabricated his post-arrest admissions.

In support of this defense, Tucker presented testimony from Vanessa Tucker and Tequillia Williams. Vanessa Tucker testified that Tucker did not have keys to the apartment, was not listed on the apartment lease, and did not keep any of his things there, although he did visit from time to time. Tequillia Williams corroborated Vanessa Tucker's testimony, adding that a neighbor named "Pam" would bring Tucker's mail to Apartment 502. Officer Edwards testified in rebuttal that one of the searching officers asked Vanessa Tucker which bedroom was Tucker's, and that she pointed toward the bedroom where the rifle was found.

After a short deliberation, the jury found Tucker guilty.

## II. ANALYSIS

Tucker makes two claims on appeal: (1) that the evidence was insufficient to support the jury's finding that he constructively possessed the rifle and (2) that the district court's decision to admit evidence of Tucker's six prior felonies precluded a fair trial. Both claims lack merit.

### A. Constructive Possession

A defendant who makes an insufficient evidence claim "faces a nearly insurmountable hurdle." *United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009) (quoting *United States v. Pulido*, 69 F.3d 192, 205 (7th Cir. 1995)). We will reverse a conviction because of insufficient evidence only if "the record is devoid of evidence from which a reasonable jury could find guilt … ."

*United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010). When conducting this analysis, we take all facts in the light most favorable to the government. *Morris*, 576 F.3d at 666.

To convict Tucker under 18 U.S.C. § 922(g)(1), the government bore the burden of proving that (1) Tucker had a prior felony conviction, (2) Tucker possessed the Sears Roebuck rifle, and (3) the rifle moved in interstate commerce. *United States v. Caldwell*, 423 F.3d 754, 757 (7th Cir. 2005). Tucker and the government stipulated to the first and third elements. Thus, the only question was whether Tucker possessed the Sears Roebuck rifle.

Possession can be either actual or constructive. *Id.* The government does not contend that Tucker actually possessed the rifle; thus, our discussion is limited to constructive possession. A person constructively possesses an item when, although he does not actually possess it, he exercises dominion and control over it. *Morris*, 576 F.3d at 666. Constructive possession can be proven by direct or circumstantial evidence. *United States v. Kelly*, 519 F.3d 355, 361 (7th Cir. 2008).

Here, we have direct evidence that Tucker possessed the rifle: Officer Caruso's testimony that Tucker admitted he was holding the gun for a friend. This is enough to support Tucker's conviction, regardless of his nexus to the apartment where the gun was found. *See United States v. Bloch*, 718 F.3d 638, 642 (7th Cir. 2013) (appellant "spared the government the problems of proof ordinarily associated with constructive possession, particularly the complexities that sometimes arise when firearms are discovered in a place occupied by the defendant but outside of his exclusive control," because he told

the police the gun was his). Because Tucker admitted he was holding the gun for a friend, the government did not need to prove that he lived in Apartment 502 to establish his constructive possession of the rifle. Tucker suggests that because this testimony was not videotaped, recorded, or memorialized in a signed statement, it is not reliable and cannot support his conviction. But the jury was entitled to credit Officer Caruso's testimony despite Tucker's arguments it was unreliable. *See Kelly*, 519 F.3d at 362. Thus, the jury had adequate evidence on which to base its conclusion that Tucker possessed the gun.

### B. Admission of Tucker's Prior Felonies

Tucker additionally argues that the trial court's decision to admit evidence of his six prior felonies precluded a fair trial. But he did not testify at trial, and has thus waived this claim. *Luce v. United States*, 469 U.S. 38, 43 (1983).

### III. CONCLUSION

Neither of Tucker's claims succeed: the government presented ample evidence for the jury to conclude that he possessed the Sears Roebuck rifle, and Tucker did not preserve his claim that admission of his prior felonies precluded a fair trial. Thus, we AFFIRM the decision of the district court.