In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 24-1668 & 24-1677

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GARY E. MATTHEWS and MONTE J. BRANNAN,

*Defendants-Appellants.*

———————————

Appeals from the United States District Court for the
Central District of Illinois.
No. 1:20-cr-10077-SLD-JEH — **Sara Darrow,** *Chief Judge.*

———————————

ARGUED MAY 29, 2025 — DECIDED JUNE 17, 2025

———————————

Before EASTERBROOK, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Gary Matthews and Monte Brannan collaborated on a project to redevelop and revitalize a landmark hotel in Peoria, Illinois. The project was ambitious, complex, and required Matthews and Brannan to arrange financing. But instead of satisfying their obligations to lenders, Matthews and Brannan diverted project revenue for personal

gain. Federal mail fraud and money laundering charges followed, with a jury ultimately returning guilty verdicts.

Having carefully reviewed the record, we have no trouble affirming Matthews's and Brannan's convictions. What does trouble us, however, are inexcusable deficiencies in their briefs in our court—most especially their counsels' complete failure to comply with Circuit Rule 30(b)(1)'s requirement that an appellant attach all "opinions, orders, or oral rulings in the case that address the issues sought to be raised." The noncompliance resulted in the court investing inordinate time tracking down over 100 pages of orders and rulings by the district court, every one of which counsel failed to include in the appendices to their briefs. So, while we affirm, we also order counsel for Matthews and Brannan to show cause why they should not be sanctioned for their violations of Circuit Rule 30.

**I**

Matthews and Brannan raise a wide range of issues on appeal, essentially throwing everything at their convictions. Though we have repeatedly advised against such an approach, our path forward is clear. See *United States v. Lathrop*, 634 F.3d 931, 936 (7th Cir. 2011). In a nutshell, the issues that Matthews and Brannan press on appeal either lack merit or were waived.

We start with Matthews's and Brannan's challenge to the sufficiency of the evidence supporting their convictions for mail fraud (18 U.S.C. § 1341), money laundering (*id.* §§ 1956 and 1957), and in Brannan's case, conspiracy to commit money laundering (*id.* § 1956(h)). These challenges face an uphill climb, as "we review the evidence presented at trial in the

light most favorable to the government and draw all reasonable inferences in its favor." *United States v. Anderson*, 988 F.3d 420, 424 (7th Cir. 2021). We must affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). That standard, we have emphasized, creates a "nearly insurmountable hurdle" for defendants. *United States v. Johnson*, 874 F.3d 990, 998 (7th Cir. 2017) (quoting *United States v. Tucker*, 737 F.3d 1090, 1092 (7th Cir. 2013)). Matthews and Brannan fall well short of clearing it.

The jury received overwhelming evidence of both defendants' guilt. Matthews and Brannan co-managed and controlled GEM Hospitality, LLC, a corporation that Matthews formed in 2008 for the purpose of redeveloping the Pere Marquette Hotel in Peoria and soliciting lenders for the project. After the hotel complex reopened in 2013, the City agreed to retain First Hospitality Group, an independent company that Matthews had solicited, to manage day-to-day operations. In 2014 Matthews began directing First Hospitality to mail checks to a GEM subsidiary to repay lenders. But instead of satisfying creditors, Matthews transferred the funds to his personal company's account. He directed GEM employees to make such transfers by writing checks for "project management" and the like in the memorandum lines. When Brannan noticed the siphoning, he confronted Matthews at GEM's office building in 2015. Their conversation led to Brannan's personal company receiving misdirected checks, with similarly misleading labels in the memorandum lines.

Matthews makes no attempt in his briefing to explain how this evidence fell short of supporting his mail fraud and money laundering convictions. For his part, Brannan

develops a more robust argument to support his sufficiency challenge, but his contentions amount to little more than reprising arguments rejected by the jury.

To start, Brannan contends that the evidence on the mail fraud counts did not show that he either directly caused any mailings or acted with fraudulent intent. To be sure, we have explained that a defendant does not commit mail fraud unless a mail communication occurs "*as a result of*" his conduct. *United States v. Dooley*, 578 F.3d 582, 588 (7th Cir. 2009). Yet we have also clarified, based on Supreme Court precedent, that a defendant "'*causes*' the mails to be used" when he acts "with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." *Id.* (emphasis added) (quoting *Pereira v. United States*, 347 U.S. 1, 8–9 (1954)). And because "direct evidence of a defendant's fraudulent intent is typically unavailable," the proof can come in the form of "circumstantial evidence and by inferences drawn from examining the scheme itself." *United States v. Britton*, 289 F.3d 976, 981 (7th Cir. 2002) (quoting *United States v. Paneras*, 222 F.3d 406, 410 (7th Cir. 2000)).

The jury had plenty to conclude that Brannan committed mail fraud. One GEM employee testified that, after the 2015 confrontation with Matthews, Brannan's own company began receiving checks from funds meant to repay GEM's lenders, with misleading labels in the memorandum lines. That evidence supports the reasonable inference that Brannan joined Matthews's fraudulent scheme to enrich himself at the expense of and while deceiving lenders. It equally supports the inference that Brannan could have foreseen the mailing of

both checks and false statements to lenders in furtherance of that scheme.

Turning to the money laundering and related conspiracy charges, the evidence of guilt more than sufficed. To establish money laundering, "the government must prove that the defendant engaged or attempted to engage in a financial transaction, knowing that the transaction involved the proceeds of a specified unlawful activity" and that he "knew that the transaction was designed to conceal the source, nature, location, ownership, or control of the proceeds." *United States v. Turner*, 400 F.3d 491, 496 (7th Cir. 2005).

Based on the trial evidence, a reasonable jury could have found that Brannan diverted funds meant for lenders by acting with Matthews to direct the payment of checks first from First Hospitality Group to a GEM subsidiary and then from the GEM subsidiary to his personal business account. Similarly, a rational jury could find that Brannan knew the transfers were designed to conceal the origin of the funds, as he directed GEM employees to mislabel the true purposes of the disbursements.

The remainder of Matthews's and Brannan's challenges to their convictions need not detain us. Indeed, they have waived two of them. On appeal, they contend that the district court erred by failing to remove an inattentive juror. But they raised no objection at trial, even after the district court alerted them to the juror's purported inattentiveness and advised that it would consider any motion for her removal. See *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019) ("Waiver occurs when a party intentionally relinquishes a known right."). In much the same way, Matthews and Brannan failed to preserve their improper joinder claim by neglecting to bring any

motion to sever charges prior to trial. See *United States v. States*, 652 F.3d 734, 742 (7th Cir. 2011).

Finally, Matthews fails to develop an intelligible argument to support his assertion that the district court erred in declining to admit certain evidence and in rejecting his proposed jury instructions. As best we can tell, Matthews sought to introduce evidence that an agreement he entered with the City of Peoria was invalid and the subject matter of state court civil litigation with the City. But he makes no coherent attempt to explain how the agreement's validity or the civil litigation have any relevance to whether his conduct constituted mail fraud or money laundering. And he likewise fails to explain the legal or factual basis for his proposed jury instructions relating to those topics. In the final analysis, Matthews's appellate briefing is so underdeveloped as to leave us with the firm conviction that he has identified no error in the district court's evidentiary or charge-related rulings.

## II

Unfortunately, we cannot end there. We must instead devote our attention to egregious deficiencies in defense counsels' briefing that affected our ability to resolve this appeal.

Matthews and Brannan ignored Circuit Rule 30 but nevertheless expressly certified their compliance with its requirements. Circuit Rule 30(b)(1) requires appellants to include in the appendices to their briefs copies of all "opinions, orders, or oral rulings in the case that address the issues sought to be raised." U.S. Ct. of Appeals for the Seventh Cir., *Circuit Rules*, https://www.ca7.uscourts.gov/pages/LandingPage.php?page =circuit-rules (2025). The Rule clarifies that if the appellant "challenges any oral ruling, the transcript containing the

judge's rationale for that ruling must be included in the appendix." *Id.* And Circuit Rule 30(d) further requires that the appendix "contain a statement that all of the materials required by parts (a) and (b) of this rule are included." *Id.*

These appeals illustrate why Circuit Rule 30 exists. Neither defendant's briefing is a model of clarity, and as best we can discern, Matthews and Brannan challenge six or seven distinct district court rulings on appeal. Not a single one of those rulings accompanied either defendant's brief, however. Instead, Matthews and Brannan included only a printed copy of the district court's docket sheet, which of course does not illuminate the reasoning for the district court's oral rulings. Attaching the docket sheet is of no assistance, as we already have ready access to it. See U.S. Ct. of Appeals for the Seventh Cir., *Practitioner's Handbook for Appeals* 191–92 (2020), https://www.ca7.uscourts.gov/rules-procedures/Handbook.pdf ("It is unnecessary to include everything in the appendix, as the entire record is readily accessible to each of the judges."). The docket sheet is something we often see in the appendices of *pro se* appellants—not something we expect from trained lawyers.

How is it we know which of the district court's oral rulings were relevant to this appeal? We figured it out on our own, pouring through the record and locating each ruling we understood the defendants to be challenging. Doing that work ourselves was the only way we could make sense out of what transpired in the district court. We did what defense counsels' appellate briefs failed to do.

We cannot overstate the importance of Circuit Rule 30. We are a court of review, and the Rule allows us to know—indeed to review—what the appellant challenges on appeal. For that

reason, we have long underscored that the "[f]ailure to supply necessary documents goes to the heart of this court's decision-making process." *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 226 (7th Cir. 1996). Indeed, in the civil context, we routinely dismiss appeals or summarily affirm for failure to comply with Circuit Rule 30. See *United States v. Boliaux*, 915 F.3d 493, 497 (7th Cir. 2019) (collecting cases).

The lack of attention to Circuit Rule 30 was not the only shortcoming here. Matthews's opening brief also violated Federal Rule of Appellate Procedure 28(a)(6) by altogether omitting the required statement of the case, including the pertinent facts. Rather than include such a statement, Matthews attempted to incorporate Brannan's by reference. And he likewise attempted to incorporate Brannan's sufficiency-of-the-evidence challenge by reference, a baffling approach given that Brannan's challenge rests on the theory that Matthews was the sole wrongdoer who "pulled the strings" of the fraud scheme. The Court's mistake was in accepting Matthews's brief: we should have rejected it and required refiling a compliant one.

In the face of such a clear disregard of our rules, it is only appropriate to require appellants' counsel to show cause within 14 days why they should not be fined $2,000 each for their violations of Circuit Rule 30(b)(1) and for their false certifications of compliance under Circuit Rule 30(d).

## III

Let us be clear on another point. As disappointed and frustrated as we are with the briefs we saw from counsel for both appellants, Matthews and Brannan should know that no adverse consequence spilled over to them. We invested the time

and resources that counsel did not to ensure both defendants received fair consideration of their appeals. Though Matthews and Brannan will surely be disappointed with the outcome, they should know that they had their day in court.

In the end, we AFFIRM the district court court's judgment. An order to show cause shall follow.